## UNITED GAS PIPE LINE CO. v. FEDERAL POWER COMMISSION.

### No. 13958.

United States Court of Appeals
Fifth Circuit.

March 17, 1953.

W. Scott Wilkinson, C. Huffman Lewis, W. O. Crain, E. J. Freiberg, J. C. Ohrt, George D. Fiser, Shreveport, La., for petitioner.

James Lawrence White, William A. Dougherty, Henry F. Lippitt, 2nd, New York City, for Mississippi River Fuel Corp., intervener.

Lambert McAllister, Associate Gen. Counsel, Bradford Ross, Bernard A. Foster, Jr., Howell Purdue, Attys., Federal Power Commission, Washington, D. C., for respondent, Federal Power Commission.

Frederic M. P. Pearse, Jr., Francis J. Walsh, Louis C. Kaplan, Attys., Federal Power Commission, Washington, D. C., of counsel.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appealing from an order of the Federal Power Commission dated October 31, 1951, dismissing its petition for declaratory relief under its rate schedule covering the sale of natural gas to Mississippi River Fuel Corporation, United Gas Pine Line Company, as appellant, seeks, under Sec. 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b), and Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, to have it reviewed.

The Commission moves to dismiss on the ground that the order appealed from is not a reviewable order. Pointing out that, under subsection (c) of Sec. 1.7 of the General Rules and Regulations of the Commission, the making of a declaratory order is discretionary [1] with the Commission, and that the Commission's order of dismissal does not purport to be, and is not, dispositive of any right of petitioner, and it has not, therefore, been aggrieved thereby, the Federal Power Commission insists that the order is not subject to judicial review and the appeal should be dismissed.

---

1. Sec. 1.7 of the General Rules and Regulations of the Commission deals with petitions which may be filed with the Commission. Subsection (c) thereof (18 C.F.R. 1.7(c) provides:

"*For declaratory orders.* Petitions for the issuance in the discretion of the Commission, of a declaratory order to terminate a controversy or remove uncertainty, shall state clearly and concisely the controversy or uncertainty which is the subject of the petition, shall cite the statutory provision or other authority involved, shall include a complete statement of the facts and grounds prompting the petition, together with a full disclosure of petitioner's interest, and shall conform to the requirements of Sec. 1.15 and 1.16."

We agree. We do not construe the order complained of as appellant does, or as depriving petitioner of any rights or causing it to be otherwise "aggrieved" within the meaning of Sec. 19(b) of the Natural Gas Act. The mere recitals in the Commission's order relating to the background facts of the dispute and to the effect of the Commission's prior orders of December 20, 1949, and June 27, 1950, do not require petitioner to do or refrain from doing anything, fix any liability or responsibility upon petitioner, or finally determine its rights or obligations. Under such circumstances, petitioner has not been aggrieved by the Commission's dismissal of its application for such order without a hearing, and its rights and remedies, if any, remain the same as when the application was filed, entirely unaffected by the recitations preceding or the order of dismissal. See United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 309, 310, 47 S.Ct. 413, 71 L.Ed. 651; Chicago & Southern Airline, Inc. v. Waterman Steamship Corp., 333 U.S. 103, 112–113, 68 S.Ct. 431, 92 L.Ed. 568.

The motion of the Federal Power Commission to dismiss said petition for review is accordingly granted and the petition is dismissed without prejudice to appellant therefrom, costs of appeal taxed to appellant.