**COLUMBIA NITROGEN CORPORATION and Nipro, Inc., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

No. 77–1553.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1977.

Fred K. Harvey Jr., Augusta, Ga., for petitioners.

Allan A. Tuttle, Allan M. Garten, Sol., Drexel D. Journey, Gen. Counsel, Washington, D. C., for Federal Power Comn.

Harold L. Talisman, Peter L. Hatton, Melvin Richter, Washington, D. C., A. S. Lacy, V-P-Secty., Birmingham, Ala., for Alabama Gas Corp.

Stanley M. Morley, Robert G. Simon, Washington, D. C., for Carolina Pipeline Co.

Roy R. Robertson, Jr., William A. Major, Jr., Birmingham, Ala., for Southern Natural Gas Co.

Edward J. Grenier, Jr., Alfred C. Aman, Jr., Washington, D. C., for Georgia Industrial Group.

Paul H. Keck, John E. Holtzinger, Jr., John T. Stough, Jr., Washington, D. C., for Atlanta Gas Light Co.

Before CLARK, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

The Federal Power Commission issued two procedural orders setting hearings for proposed revisions in the Southern Natural Gas Company's curtailment plan. Order Providing for Phased Hearing, Nos. RP 74–6 and RP 72–74 (FPC Nov. 16, 1976); Order Granting Rehearing in Part and Denying Rehearing in Part, Nos. RP 74–6 and RP 72–74 (FPC Jan. 14, 1977). Columbia Nitrogen, a consumer of Southern gas, filed

a petition to review the orders, and the FPC moved to dismiss the petition. Because the orders are interlocutory orders which have not been shown to impose definite, irreparable injury, we grant the Federal Power Commission's motion.

Following Federal Power Commission policy, curtailment plans allocate gas according to the "end uses" to which a pipeline's gas is put. Columbia Nitrogen is an "end user." The original curtailment plan for Southern, FPC Op. No. 747, *et seq., petition for review filed, Atlanta Gas Light Co. v. FPC,* No. 76–2402 (5th Cir., June 28, 1976), was first issued on November 20, 1975. The end use data on which it relied came from a period prior to February 1973. In the orders for which Columbia Nitrogen now seeks review, the FPC set hearings to consider modifications to correct this regulatory lag by updating the end use information. The FPC specifically included only additions which were "capable of receiving gas" before the day Opinion No. 747 was issued, November 20, 1975.

Columbia Nitrogen is building fertilizer plants which will need gas in 1978. It wants its future needs considered at the hearings, and objects to the FPC's allegedly arbitrary cut-off date. This Court, however, has stated that, under 15 U.S.C.A. § 717r(b) (1976), courts cannot review

non-final orders that are not "definitive" in their impact upon the rights of the parties and do not threaten the petitioner with "irreparable harm."

*Atlanta Gas Light Co. v. FPC,* 476 F.2d 142, 147 (5th Cir. 1973); *see FPC v. Metropolitan Edison Co.,* 304 U.S. 375, 383–386, 58 S.Ct. 963, 82 L.Ed. 1408 (1938).

The orders challenged are merely procedural establishing the framework for a hearing. Absent a threat of irreparable injury, they are not reviewable in this Court.

Columbia Nitrogen cannot show irreparable injury because it is already a party to another proceeding before the FPC, *Atlanta Gas Light Co. v. Southern Natural Gas Co.,* FPC Docket No. CP74–329, at which its claim for allocation of gas is being considered. Although the issues in that proceeding are complex, complexity alone does not preclude fair consideration. Further, the decision to set a cut-off date for these hearings at November 20, 1975, does not have a "definitive" impact upon Columbia Nitrogen because the FPC has expressly stated that the proceedings in which Columbia Nitrogen's claim is being considered will be resolved on their "individual merits" without prejudice from these hearings.

MOTION GRANTED.