**TENNECO, INC. and Tennessee Gas Pipeline Company, Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**No. 81–4049.**

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1982.

---

Gordon Gooch, Bruce F. Kiely, Kirk K. Van Tine, Baker & Botts, Washington, D.C., Diana Marshall, Baker & Botts, Michael R. Waller, Houston, Tex., for petitioners.

Joel M. Cockrell, F.E.R.C., Washington, D.C., for respondent.

Robert D. Haworth, Houston, Tex., Philip R. Ehrenkranz, Washington, D.C., Charles E. Hoyt, New York City, for intervenors-respondents.

Before CLARK, Chief Judge, GARZA and JOHNSON, Circuit Judges.

CLARK, Chief Judge:

This matter started when Tenneco Inc. petitioned the Federal Power Commission (FPC) for a declaratory order validating certain natural gas transactions. The FPC's successor, the Federal Energy Regulatory Commission ("the Commission") eventually dismissed Tenneco's petition, but ordered its newly formed Office of Enforcement to continue investigating all matters raised in the petition. Tenneco filed a petition for review of the dismissal order in this court. Because we conclude that Tenneco is not an "aggrieved" party as that term is used in Section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b), we dismiss Tenneco's petition for review.

Tenneco petitioned the FPC for a declaratory order[1] which asked it to determine whether sixty-four independent producers had obtained proper certificate and abandonment authorization under Section 7 of the Natural Gas Act, 15 U.S.C. §§ 717f(b) and (c) to permit natural gas under contract to Tennessee Gas Pipeline Company, a division of Tenneco, to be released to Channel Industries Gas Co., a subsidiary of Tenneco. The FPC responded by issuing an "Order Instituting Investigation" with respect to the matters set forth in Tenneco's petition. The affected producers were ordered to respond to all issues raised in Tenneco's pleading.

The FPC next issued an "Order Setting Investigation for Hearing and Granting Interventions." That order determined that the issues raised by Tenneco's petition could not be resolved without a full evidentiary proceeding. An administrative law judge was appointed and the matter was set for hearing. Each of the affected producers was named as a respondent in the case. Pursuant to its normal practice at that

---

1. Section 1.7(c) of the FPC's Rules of Practice and Procedure provided that the FPC might, in its discretion, issue a declaratory order "to terminate a controversy or remove uncertainty .…" 18 C.F.R. § 1.7(c) (1976). The Federal Energy Regulatory Commission has continued the same rule of practice. 18 C.F.R. § 1.7(c) (1981).

time, the FPC made no provision for a preliminary administrative investigation.

On October 1, 1977, the Federal Power Commission became the Federal Energy Regulatory Commission. *See* 42 U.S.C. § 7101 *et seq.* In response to charges that the administrative process had become "overjudicialized," *see Scenic Hudson Preservation Conference v. F.P.C.,* 354 F.2d 608, 620 (2d Cir. 1965), *cert. denied,* 407 U.S. 926, 92 S.Ct. 2453, 32 L.Ed.2d 813 (1972), the new Commission created an Office of Enforcement and prescribed rules governing the Office's investigative duties.

After the hearing scheduled by the administrative law judge had proceeded for eight days and had been continued, it appeared that the case might be resolved by settlement. At the parties' request, the ALJ suspended the procedural dates established for the remainder of the hearings. Settlement negotiations continued for several months without success. Meanwhile, investigators from the Office of Enforcement had been conducting a preliminary investigation into the case. In January, 1979, the Commission issued one order suspending the adjudicatory proceedings and another order directing the newly created Office of Enforcement to conduct an investigation into all matters originally dealt with in the adjudicatory proceeding. Tenneco and other parties involved in the case unsuccessfully petitioned for a rehearing. In a written opinion the Commissioners stated: "Had Tenneco's petition for a declaratory order been filed in 1979 rather than 1977, we should in all probability have referred it in short order to the Office of Enforcement for a private investigation to *precede* such subsequent adjudicatory proceedings ...." (emphasis original) The Commission concluded that an adequate record could not be developed without a thorough investigation by the Office of Enforcement, and that maintaining dual investigations into the same matters would result in a needless duplication of staff effort. It therefore suspended the adjudicatory proceedings until an enforcement staff investigation could be conducted.

Tenneco petitioned this court to review the Commission's orders. The Commission moved to dismiss Tenneco's petition, arguing that the orders were interlocutory and did not aggrieve Tenneco. We dismissed Tenneco's petition for review. *Tenneco Inc. v. Federal Energy Regulatory Commission,* No. 79–2910 (April 21, 1980).

While all this was going on, the Commission brought a separate action in United States District Court for the District of Columbia against Mobil Oil Corporation, one of the respondents in the Tenneco proceeding. That suit involved gas purchases unrelated to the investigation pending before the Commission. Mobil and the Commission entered into settlement negotiations concerning both the case before the district court and any matters which might come before the Commission. Tenneco sought to intervene in the Mobil district court action and participate in the ongoing settlement negotiations. The district court concluded that Tenneco had failed to show "a cognizable legal interest in the subject matter of the action" and denied Tenneco's motion to intervene. The court did, however, permit Tenneco to appear as an *amicus curiae.*

The District of Columbia district court approved a consent agreement presented by the Commission and Mobil. Subsequently, the Commission entered an order pursuant to that consent agreement severing and terminating all proceedings before it as to Mobil. Tenneco petitioned for a rehearing of the Commission's order. The Commission rejected the petition. It held that Tenneco was not aggrieved by the order.

The Commission dismissed the adjudicatory proceeding against Tenneco, but expressly stated that all matters raised in that docket would continue to be investigated by the Office of Enforcement. The Commission stated its expectation "that the Office of Enforcement will carefully and expeditiously recommend resolution" of the issues. The Commission pointed out that the order was not intended to affect the parties' substantive rights, adjudicate any facts, determine that anyone had violated the law, or

require any person to perform any act. It concluded that "[s]hould the need arise for further Commission adjudicatory proceedings, we will be free to do so."

Tenneco petitioned for a rehearing of the dismissal order. The Commission entered its response in an "order Denying in Part and Rejecting in Part Petition for Rehearing." The Commission reaffirmed its decision to terminate the adjudicatory proceeding pending the outcome of the investigation. It concluded that, given the Office of Enforcement's ongoing investigation, Tenneco was not aggrieved by the decision to dismiss the adjudicatory proceedings.

Tenneco then filed a petition requesting this court to review all orders the Commission had issued in the case. We ordered that the Commission's motion to dismiss the petition on the ground that Tenneco was not aggrieved by the Commission's order be carried with the case. We now hold that Tenneco was not aggrieved by the Commission's order and dismiss Tenneco's petition for review.

Section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b), confers standing to seek review of Commission action on "[a]ny party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding ...."[2] There is no question that Tenneco was a party to a proceeding before the Commission, or that each of the six relevant orders was "an order issued by the Commission in such proceeding." This case thus turns on the meaning of the term "aggrieved" under Section 19(b).

■ This circuit will not review non-final orders of the Commission that are not definitive in their impact upon the rights of the parties and do not threaten the petitioner with irreparable harm. *Transcontinental Gas Pipe Line v. Federal Energy Regulatory Commission,* 589 F.2d 186, 189 (5th Cir.), *cert. denied,* 445 U.S. 915, 100 S.Ct.

1275, 63 L.Ed.2d 599 (1979); *Shell Oil Co. v. Federal Power Commission,* 531 F.2d 1324, 1326–27 (5th Cir. 1976); *Atlanta Gas Light Co. v. Federal Power Commission,* 476 F.2d 142, 147 (5th Cir. 1973); *Magnolia Petroleum Co. v. Federal Power Commission,* 236 F.2d 785, 791 (5th Cir. 1956), *cert. denied,* 352 U.S. 968, 77 S.Ct. 357, 1 L.Ed.2d 322 (1957). The requirement that the order be "definitive" in its impact "is a requirement that the order have some substantial effect on the parties which cannot be altered by subsequent administrative action." *Atlanta Gas Light Co., supra,* 476 F.2d at 147. The court looks to such factors as whether the order permanently fixes the legal rights of the petitioner, whether the record is fully developed, and whether the issues involved are concrete. *Transcontinental Gas Pipe Line, supra,* 589 F.2d at 190. *See Placid Oil Co. v. Federal Energy Regulatory Commission,* 666 F.2d 976, 981 (5th Cir. 1982) ("[p]rocedural orders, absent a threat of irreparable injury, are not reviewable by this court."); *ECEE, Inc. v. Federal Energy Regulatory Commission,* 611 F.2d 554, 556 (5th Cir. 1980); *Columbia Nitrogen Corp. v. Federal Power Commission,* 559 F.2d 377, 378 (5th Cir. 1977) (mere procedural orders not shown to impose irreparable injury on petitioner not reviewable); *Shell Oil Co. v. Federal Power Commission,* 531 F.2d 1324, 1327 (5th Cir. 1976) (orders which have no definitive impact not reviewable). The court also considers whether the order commands the petitioner to do or refrain from doing something, or significantly changes the petitioner's status or condition to his detriment, or presently deprives him of his property. *Magnolia Petroleum Co., supra,* 236 F.2d at 791–92; *Humble Oil & Refining Co. v. Federal Power Commission,* 236 F.2d 819, 823 (5th Cir. 1956), *cert. denied,* 352 U.S. 967, 77 S.Ct. 352, 1 L.Ed.2d 321 (1957). *See Sun Oil Co. v. Federal Power Commission,* 304 U.S. 293, 294 (5th Cir.), *cert. denied,* 371 U.S. 861, 83 S.Ct. 118, 9 L.Ed.2d 99

---

2. The language of the Natural Gas Policy Act of 1978 is virtually identical. 15 U.S.C. § 3416(4) provides:

Any person who is a party to a proceeding under this chapter aggrieved by any final

order issued by the Commission in such proceeding may obtain review of such order in the United States Court of Appeals ....

(1962) ("[The relevant orders] are not determinative of status, do not adjudge rights or obligations nor direct the taking or refraining from any particular action."); *Sun Oil Co. v. Federal Power Commission*, 297 F.2d 77, 78 (5th Cir. 1961). *See also N.C. Util. Com'n v. Federal Energy Regulatory Commission*, 653 F.2d 655, 662 (D.C. Cir. 1981); *Consolidated Gas v. Federal Energy Regulatory Commission*, 611 F.2d 951, 958 (4th Cir. 1979); *Colorado Interstate Gas Co. v. Federal Power Commission*, 370 F.2d 777, 781 (10th Cir. 1967) ("And the fact that petitioners are now exposed or subjected to some expense, uncertainty and delay because the ground rules were changed in the middle of the game is but an unfortunate side effect springing from the frailty of the administrative decisional process.").

■ Tenneco argues that it was aggrieved when the Commission transferred the case from an adjudicatory setting to an off-the-record investigation after the adjudicatory hearing had already begun. We do not agree. The orders in question do not in any way fix the rights of Tenneco. They do not command Tenneco to do or refrain from doing anything. They neither adjudicate facts nor deprive Tenneco of its property. They simply express the Commission's well-reasoned belief that, given the enormous complexity of the issues involved, it mistakenly began an adjudicatory proceeding without the benefit of a thorough staff investigation. Indeed, the Office of Enforcement was not yet in effective operation when the Commission commenced the adjudicatory process on Tenneco's petition.

The Commission has made it quite clear that, although an adjudicatory proceeding is inappropriate at this time, such proceedings may be necessary in the future. The Commission may follow one of four possible courses at the conclusion of the investigation. First, it may determine not to pursue the matter further. Second, it may enter into settlement negotiations with Tenneco and the producers. Third, it may commence an action in federal district court. Fourth, it may commence another adversary proceeding before an administrative law judge. In the event the Commission chooses to commence an administrative hearing, it has expressly indicated that its past actions will not affect Tenneco's substantive rights or otherwise prejudice its continuing relationship with Tenneco. As Tenneco's counsel stated at oral argument, "When you look at it [this case] conceptually, there's just one continuum . . . . It's all one proceeding." We hold that the Commission's decision to terminate the adjudicatory hearing and institute an investigation did not aggrieve Tenneco in any way.

■ Tenneco argues that it has been aggrieved by procedural errors the Commission may have committed in deciding to dismiss the adjudicatory proceeding. It argues that these irregularities might prejudice its dealings with the Commission in the future. The phrasing of the argument alone demonstrates that Tenneco has not yet suffered an aggrievement. It is elementary that the aggrievement which confers standing on a party to seek review in this court must be a present and immediate aggrievement. *Placid Oil Co., supra,* 666 F.2d at 981; *Pennzoil Co. v. Federal Energy Regulatory Commission*, 645 F.2d 394, 398 (5th Cir. 1981) (there must be a direct and immediate impact on the petitioner). We note our presumption that the Commission will exclude any improperly obtained evidence from the decision-making process in any future proceedings. The Commission has assured us at oral argument that, should the need arise in the future, it will furnish the administrative law judge or the reviewing court *in camera* all records of any information that may have been communicated to it ex parte by staff members during the prior adjudicative proceeding. This is a reassuring offer of protection from future harm. We emphasize, however, that the possibility of future aggrievement does not confer present standing.

Tenneco argues that, once the Commission began an adjudicatory hearing, it was obligated to conclude it. Tenneco would have us order the Commission to reinstate the adjudicatory hearing. We refuse to do so. In 1977, Tenneco became aware of po-

tential illegalities in transactions between its subsidiaries and several gas producers. It therefore requested the Commission to look into the matter. The situation may be compared to one where a taxpayer asks the IRS to examine his returns for suspected errors. Or that where an employer asks the Department of Labor to send an investigator to search his plant for possible OSHA violations. It is important in such matters that the relevant agency be given extremely broad latitude in determining whether or not to honor the private party's request. The Commission's regulations expressly commit the decision to issue a declaratory order to its sole discretion. 18 C.F.R. § 1.7(c). This court will not review the Commission's refusal to issue a declaratory order of this sort. *Continental Oil v. Federal Power Commission,* 285 F.2d 527 (5th Cir. 1961); *United Gas Pipe Line Co. v. Federal Power Commission,* 203 F.2d 78 (5th Cir. 1953).

This court earlier dismissed Tenneco's petition for review of the Commission's order suspending indefinitely the declaratory order proceeding. *Tenneco Inc. v. FERC,* No. 79–2910 (April 21, 1980). We similarly conclude that the decision to terminate the adjudicatory declaratory order proceeding pending the results of an investigation into the matter did not result in an aggrievement. Tenneco did not gain the right to a declaratory order hearing it otherwise did not have merely because the Commission commenced one. The Commission's initial decision to conduct an adjudicatory hearing did not irreversibly commit it to that course of action. The decision to terminate the hearing pending the investigation was in no way dispositive of Tenneco's rights.

Tenneco finally asserts that it was aggrieved by the Commission's order dismissing Mobil from the proceedings. Tenneco has failed to show how it was in any way aggrieved by this order. We find this claim to be without merit.

Because Tenneco was not aggrieved by the Commission's orders, it has no standing

to petition this court for review. Accordingly, the petition for review is

DISMISSED.