60 F.3d 645
 95 Cal. Daily Op. Serv. 5687
 NATIVE AMERICANS for ENOLA; Cascade Geographic Society;
Friends of Enola Hill; Rip Lone Wolf, Plaintiffs-Appellants,
v.
U.S. FOREST SERVICE, Defendant-Appellee,
and
Caffall Bros. Forest Products, Inc.; and Ray Schoppert
Logging, Inc., an Oregon corporation,
Defendants-Intervenors-Appellees.
 No. 93-36130.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 10, 1995.
Decided July 21, 1995.
 
 1
 William C. Carpenter, Jr., Eugene, OR, and C. Peter Sorenson, Eugene, OR, for plaintiffs-appellants.
 
 
 2
 Elizabeth S. Merritt, Associate Gen. Counsel, Nat. Trust for Historic Preservation in the U.S., Washington, DC, for amicus curiae.
 
 
 3
 Jacques B. Gelin, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.
 
 
 4
 Thomas J. Greif, Portland, OR, for defendants-intervenors-appellees.
 
 
 5
 Appeal from the United States District Court for the District of Oregon.
 
 
 6
 Before: GOODWIN and HUG, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 7
 Native Americans for Enola, et al., appeal the district court's decision that the Forest Service, United States Department of Agriculture ("Forest Service"), did not violate Section 106 of the National Historic Preservation Act, 16 U.S.C. Sec. 470 et seq., in issuing a permit allowing commercial use of a Forest Service road. The permit was required to allow the company, Ray Schoppert Logging, Inc., to use Forest Service roads when hauling timber harvested from a privately-owned stretch of land located entirely within Oregon's Mt. Hood National Forest.
 
 
 8
 Because all logging contemplated in this application for a permit has now been completed, and the permit has expired, the first question is whether this action is moot. The parties have argued that this case is an exception to the mootness doctrine because the assessments of Enola Hill's status relied upon by the Forest Service will be relied upon again in evaluating future undertakings, and thus be capable of repetition while evading review. This court has held that agency actions will indeed fall within this exception to the general principle if "(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." Idaho Dept. of Fish & Game v. National Marine Fisheries Service, 56 F.3d 1071 (9th Cir.1995) (citing Greenpeace Action v. Franklin, 14 F.3d 1324, 1329 (9th Cir.1992)). The exception does not apply here. Permits issued by the Forest Service, and the administrative process leading up to their issuance, are not inherently of such short duration that challenges to their validity will go unreviewed.
 
 
 9
 For these reasons, we hold that Enola's claims are moot. We therefore remand to the district court with instructions to vacate the judgment below and to dismiss the action as moot. See United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).
 
 
 10
 REMANDED with instructions to VACATE the judgment and to DISMISS the action as moot. Each party shall bear its own costs.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation