100 F.3d 1451
 PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA, PETITIONER,
AND
SOUTHERN CALIFORNIA UTILITY POWER POOL; IMPERIAL IRRIGATION DISTRICT; MERIDIAN OIL INC.; PACIFIC GAS AND ELECTRIC COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; PROCESS GAS CONSUMERS GROUP; FOOTHILLS PIPE LINES LTD.; KERN RIVER GAS TRANSMISSION COMPANY; ASSOCIATED GAS DISTRIBUTORS; TOWARD UTILITY RATE NORMALIZATION; SAN DIEGO GAS AND ELECTRIC COMPANY; NATIONAL ASSOCIATION OF REGULATORY UTILITY COMMISSIONERS; CITY AND COUNTY OF SAN FRANCISCO, PETITIONERS-INTERVENORS,
AND
NEW MEXICO ENERGY, MINERALS AND NATURAL RESOURCES DEPARTMENT, PARTICIPANT-INTERVENOR,
v.
FEDERAL ENERGY REGULATORY COMMISSION, RESPONDENT,
AND
MOJAVE PIPELINE COMPANY, RESPONDENT-INTERVENOR.
PACIFIC GAS AND ELECTRIC COMPANY, PETITIONER,
AND
EL PASO NATURAL GAS COMPANY; FOOTHILLS PIPE LINES LTD.; CITY AND COUNTY OF SAN FRANCISCO, PETITIONERS-INTERVENORS,
AND
SACRAMENTO MUNICIPAL UTILITY DISTRICT, INTERVENOR,
V.
FEDERAL ENERGY REGULATORY COMMISSION, RESPONDENT,
AND
MERIDIAN OIL INC.; PROCESS GAS CONSUMERS GROUP; MOJAVE PIPELINE COMPANY, RESPONDENTS-INTERVENORS.
PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA, PETITIONER,
V.
FEDERAL ENERGY REGULATORY COMMISSION, RESPONDENT.
 No. 95-70611, No. 95-70917, No. 96-70104
 United States Court of Appeals,
NINTH CIRCUIT
 Argued and Submitted Sept. 19, 1996
Decided: November 20, 1996.
 
 1
 Peter Arth, Jr., Edward W. O'Neill and Mark Fogelman, California Public Utilities Commission, San Francisco, California, for petitioner Public Utilities Commission of the State of California.
 
 
 2
 Daniel G. Clement, Randall R. Morrow, Los Angeles, California, for petitioner-intervenor Southern California Gas Co.
 
 
 3
 Donald K. Dankner and Frederick J. Killion, Winston & Strawn, Washington, D.C.; Patrick G. Golden, San Francisco, California, for petitioner and petitioner-intervenor Pacific Gas & Electric Company.
 
 
 4
 Susan Tomasky, Jerome M. Feit, Joseph S. Davies, and Eric L. Christensen, Federal Energy Regulatory Commission, Washington, D.C., for respondent Federal Energy Regulatory Commission.
 
 
 5
 Michael D. Ferguson, Bakersfield, California, Mary Anne Mason, Kenneth L. Wiseman, and Kenneth M. Minesinger, Andrews & Kurth, Washington, D.C., for petitioner-intervenor and intervenor Mojave Pipeline company.
 
 
 6
 Frederick Moring and Ann H. Kim, Crowell & Moring, Washington, D.C., for petitioner-intervenor Associated Gas Distributors.
 
 
 7
 Thomas R. Kline, Andrews & Kurth, Washington, D.C., for petitioner-intervenor El Paso Natural Gas Company.
 
 
 8
 Michael J. Thompson, Wright & Talisman, Washington, D.C.; Mark C. Moench, Salt Lake City, Utah, for petitioner-intervenor Kern River Gas Transmission Company.
 
 
 9
 Paul Rodgers and Charles D. Gray, Washington, D.C., for petitioner-intervenor National Association of Regulatory Utility Commissioners.
 
 
 10
 Norman A. Pedersen, Jones Day Reavis & Pogue, Washington, D.C., for petitioners-intervenors Southern California Utility Power Pool and Imperial Irrigation District.
 
 
 11
 James F. Walsh, III, San Diego, California, for petitioner-intervenor San Diego Gas & Electric Company.
 
 
 12
 Theresa Mueller and Michel Peter Florio, San Francisco, California for petitioner-intervenor Toward Utility Rate Normalization.
 
 
 13
 Theresa I. Zolet, Van Ness, Feldman & Curtis, Washington, D.C., for petitioner-intervenor Foothills Pipe Lines, Ltd.
 
 
 14
 Donald P. Margolis, Deputy City Attorney, San Francisco, California, for petitioners-intervenors City and County of San Francisco.
 
 
 15
 Kim M. Clark, John, Hengerer & Esposito, Washington, D.C., for petitioner-intervenor and respondent-intervenor Meridian Oil Inc.
 
 
 16
 Edward J. Grenier, Jr., William H. Penniman, Glen S. Howard, and Daniel E. Frank, Sutherland, Asbill & Brennan, Washington, D.C., for petitioner-intervenor and respondent-intervenor Process Gas Consumers Group.
 
 
 17
 Steven M. Cohn, Sacramento, California, for intervenor Sacramento Municipal Utility District.
 
 
 18
 Dwight C. Donovan and Edward G. Poole, San Francisco, California, for participant-intervenor New Mexico Energy, Minerals and Natural Resources Department.
 
 
 19
 Petitions to Review Decisions of the Federal Energy Regulatory Commission. FERC No. CP93-258-000.
 
 
 20
 Before: William C. Canby, Jr., Senior Circuit Judge, Ferdinand F. Fernandez, Circuit Judge, and Robert E. Jones, District Judge*
 
 JONES, District Judge:
 
 21
 The Public Utilities Commission of the State of California (CPUC) and the Pacific Gas and Electric Company (PG&E), plus numerous intervenors, have petitioned for review of the Federal Energy Regulatory Commission's (FERC's) determination that it has exclusive jurisdiction, under the federal Natural Gas Act (NGA), 15 U.S.C. 717 et seq., over Mojave Pipeline Company's application to expand its existing natural gas facilities in California.
 
 
 22
 The NGA, administered by FERC, governs the transportation and sale of natural gas in interstate commerce. 15 U.S.C. 717(b). The Act does not apply to "any other transportation or sale of natural gas or to the local distribution of natural gas or to the facilities used for such distribution or to the production or gathering of natural gas." Id. The NGA also does not apply to persons engaged in certain kinds of interstate transportation of natural gas when all the gas is consumed within the receiving state. 15 U.S.C. 717(c). FERC has no regulatory jurisdiction in these situations, and instead the appropriate state agency regulates such projects.
 
 
 23
 If the NGA applies to a natural gas project, section 7 requires the natural gas company to have a FERC-issued certificate of public convenience and necessity. 15 U.S.C. 717f(c). FERC grants applications for such certificates if it finds:
 
 
 24
 that the applicant is able and willing properly to do the acts and to perform the service proposed and to conform to the provisions of [the Act] and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, sale, operation, construction, extension, or acquisition, to the extent authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise, such application shall be denied.
 
 
 25
 Id. 717f(d). FERC can also attach "reasonable terms and conditions as the public convenience and necessity may require." Id.
 
 
 26
 Mojave Pipeline is a natural gas company currently operating in California and Arizona. It holds a FERC-issued section 7 certificate of public convenience and necessity to operate approximately 384 miles of natural gas pipeline that have been in service since 1992. On March 17, 1993, Mojave Pipeline applied to FERC for another section 7 certificate to construct its proposed Northward Expansion.
 
 
 27
 The Northward Expansion would extend Mojave's existing system approximately 290 miles northward from its East Lateral near Bakersfield, California to Martinez, California. A branch from this line would extend northward approximately 59 miles to a point just southeast of Sacramento, California. Mojave also would construct approximately 222 miles of high pressure extensions and laterals of varying lengths and diameters that would connect to the receipt facilities of the Northward Expansion shippers.
 
 
 28
 "Preliminary Determination on Nonenvironmental Issues," Mojave Pipeline Co., 69 F.E.R.C. P61,244, at 61,918 (Nov. 18, 1994).
 
 
 29
 The natural gas Mojave Pipeline proposed to transport would "be received from El Paso Natural Gas Company and Transwestern Pipeline Company in Arizona, and [would] be transported across state lines into California." "Order on Jurisdictional Issue," Mojave Pipeline Co., 66 F.E.R.C. 61,194, at 61,433 (Feb. 15, 1994). However, "except for the additional compression proposed at Topock, Arizona, all of the proposed facilities and potential customers would be located in California." Id. at 61,431.
 
 
 30
 Notices of Mojave Pipeline's application and its November 1993 amendment to that application were published in the Federal Register. 58 Fed. Reg. 17224 (April 1, 1993); 58 Fed. Reg. 61085 (Nov. 19, 1993). Sixty-nine timely motions and ten late motions to intervene were filed in the proceeding, all of which FERC granted.
 
 
 31
 CPUC and PG&E, as intervenors, protested Mojave Pipeline's proposal on several grounds but argued in particular that CPUC, not FERC, had jurisdiction over Mojave Pipeline's proposed expansion. FERC found that it had exclusive jurisdiction over the proposal. "Order on Jurisdictional Issue," 66 F.E.R.C. at 61,440-41. CPUC and PG&E submitted timely requests for rehearing, which FERC denied. "Order Issuing Certificate, Ruling on Deferred Issues, Denying Rehearing and Reconsideration and Granting and Denying Clarification," Mojave Pipeline Co., 72 F.E.R.C. P61,167, at * 25 (Aug. 4, 1995) [hereinafter Final Order]. In the same order, FERC issued a NGA section 7 certificate of public convenience and necessity to Mojave Pipeline, authorizing it to construct and operate its Northward Expansion. Id. at * 24. PG&E filed a timely request for rehearing of the Final Order, which FERC denied. "Order Denying Rehearing and Clarifying Prior Order," Mojave Pipeline Co., 73 F.E.R.C. P61,300, at * 17 (Dec. 13, 1995).
 
 
 32
 The NGA allows a person aggrieved by FERC's orders to petition the court of appeals for any circuit "wherein the natural-gas company to which the order relates is located or has its principal place of business" for review within 60 days after FERC has issued an order addressing that person's petition for rehearing. 15 U.S.C. 717r(b). CPUC filed timely petitions for review of FERC's Final Order and "Order on Jurisdictional Issue" (No. 95-70611) and of FERC's "Order Denying Rehearing and Clarifying Prior Order" (No. 96-70104). PG&E filed a timely petition for review of FERC's "Order Denying Rehearing and Clarifying Prior Order" and also for review of the Final Order and Order on Jurisdictional Issue (No. 95-70917). Therefore, jurisdiction over these cases is proper in this court.
 
 
 33
 Since these appeals were filed, however, Mojave Pipeline has refused the certificate of convenience and necessity that FERC issued to it for the Northward Expansion. As a result, this court now dismisses these appeals as moot, grants FERC leave to vacate all of its orders regarding Mojave Pipeline's application, and remands to FERC with instructions that the Mojave Pipeline application proceeding be entirely dismissed.
 
 Discussion
 I. PENDING MOTIONS
 A. Transfer to the D.C. Circuit
 
 34
 After these appeals were filed and briefing was completed, Mojave Pipeline moved to transfer this case to the D.C. Circuit. However, Mojave Pipeline later requested that it be allowed to withdraw that motion to transfer. This court granted that request and hence need not address the propriety of retaining these cases in the Ninth Circuit.
 
 
 35
 B. Process Gas Consumers Group's Motion to Dismiss
 
 
 36
 While these appeals were pending, Mojave Pipeline notified FERC that it declined to accept the certificate of public convenience and necessity issued to it in FERC's Final Order. FERC notified this court of Mojave Pipeline's decision and filed two motions in response: one to dismiss these appeals as moot and one for leave to issue an order vacating not only the orders appealed but also all other orders regarding the Mojave Pipeline application. In addition, on April 29, 1996, subject to leave of this court, FERC issued an order vacating six orders relating to Mojave Pipeline's application, including all of the orders subject to review in these consolidated cases. "Order Vacating Prior Orders and Dismissing Motions," Mojave Pipeline Co., 75 F.E.R.C. P61,108 (April 29, 1996).
 
 
 37
 In response to these events, intervenor Process Gas Consumers Group moved to dismiss these cases, arguing that when FERC vacated its prior orders regarding Mojave Pipeline's application, CPUC and PG&E ceased to be "aggrieved." Under the NGA, such aggrievement is a prerequisite to petitioner's standing to appeal to this court. 15 U.S.C. 717r(b); Tenneco. Inc. v. FERC, 688 F.2d 1018 (5th Cir. 1982).
 
 
 38
 Nevertheless, we deny Process Gas Consumers Group's motion because FERC cannot vacate its orders while an appeal is pending. The plain language of the NGA makes clear that FERC may modify or set aside its orders only "until the record in a proceeding shall have been filed in a court of appeals." 15 U. S.C. 717r(a). Once that record is so filed, the court of appeals has "exclusive" jurisdiction to modify or set aside FERC's orders. Id. 717r(b).
 
 
 39
 In these cases, certified lists were filed in lieu of the records. Such substitution is permitted pursuant to 28 U.S.C. 2112(a). All such filings occurred before FERC issued its April 1996 order. Therefore, under the NGA, FERC had no jurisdiction to vacate its orders. Indeed, FERC acknowledged its lack of jurisdiction in the order itself, explicitly making the order subject to this court's leave. "Order Vacating Prior Orders and Dismissing Motions," Mojave Pipeline Co., 75 FERC at * 2. Because FERC's April 1996 order is without effect until this court acts, CPUC and PG&E remain aggrieved. Therefore, Process Gas Consumers Group's motion to dismiss for lack of standing is denied.
 
 II. MOOTNESS
 
 40
 A. CPUC's and PG&E's Petitions for Review Are Moot
 
 
 41
 As noted, FERC moved to dismiss these appeals as moot. CPUC opposes this motion, arguing that the facts of these cases fit one or more exceptions to the mootness doctrine.
 
 
 42
 "The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution." GTE California, Inc. v. Federal Communications Comm'n, 39 F.3d 940, 945 (9th Cir. 1994). "The usual rule in federal cases is that an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." Roe v. Wade, 410 U.S. 113, 125, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973) (citations omitted). "In general a case becomes moot ' "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." '" Murphy v. Hunt, 455 U.S. 478, 481, 71 L. Ed. 2d 353, 102 S. Ct. 1181 (1982) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 63 L. Ed. 2d 479, 100 S. Ct. 1202 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969))). The court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the appeal. GTE California, 39 F.3d at 945 (citing Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 78 L. Ed. 2d 58, 104 S. Ct. 373 (1983); Pomerantz v. County of Los Angeles, 674 F.2d 1288, 1291 (9th Cir. 1982); and Enrico's, Inc. v. Rice, 730 F.2d 1250, 1254 (9th Cir. 1984)).
 
 
 43
 In "determining whether a request for declaratory relief has become moot, *** basically, 'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Preiser v. Newkirk, 422 U.S. 395, 402, 45 L. Ed. 2d 272, 95 S. Ct. 2330 (1975) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 85 L. Ed. 826, 61 S. Ct. 510 (1941)); see also Jones Intercable of San Diego v. City of Chula Vista, 80 F.3d 320, 328 (9th Cir. 1996) (holding that a case was moot when a cable television licensee no longer could or wanted to operate a cable system); Nome Eskimo Community v. Babbitt, 67 F.3d 813, 815 (9th Cir. 1995) (holding that when a lease sale that was the center of a controversy "had been canceled for lack of bids, and that there was no immediate prospect of another, similar lease sale," "that was the end of the 'case,' constitutionally and practically.").
 
 
 44
 The only relief CPUC has requested is that FERC's orders be vacated. This FERC has already done, subject to leave of this court. Moreover, Mojave Pipeline has refused the required certificate of public convenience and necessity and has determined not to proceed with its proposed Northward Expansion, eliminating the subject of the jurisdictional controversy between FERC and CPUC. Neither Mojave Pipeline nor any other company has filed an application for a similar proposal, and both sides have acknowledged, both in briefing and in oral argument, that it is the particular configuration of the Northward Expansion that created the jurisdictional controversy in these cases. Indeed, the parties have referred to the Northward Expansion as "sui generis." Thus, this court now lacks the ability to grant effective relief. When barge lines appealed the Interstate Commerce Commission's order allowing certain railroad tariffs that would otherwise be illegal and then the railroads eliminated the illegality and notified the ICC of their withdrawal of their application for administrative relief, the barge lines' appeal was moot. A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 327-30, 82 S.Ct. 377, 339-41, 7 L. Ed. 2d 317, 82 S. Ct. 337 (1961).[1] These appeals are similarly moot.
 
 
 45
 Even if CPUC's request for relief is construed as a request for a declaratory judgment that FERC has no jurisdiction over Mojave Pipeline's proposed expansion, this court cannot grant that relief. A federal court cannot issue an declaratory judgment if a claim has become moot. United Public Workers of America v. Mitchell, 330 U.S. 75, 89, 91 L. Ed. 754, 67 S. Ct. 556 (1947); Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1514 (9th Cir. 1994).
 
 
 46
 B. No Exception to the Mootness Doctrine Applies
 
 
 47
 CPUC argues that its appeal is not moot because exceptions to the mootness doctrine apply to these facts. However, none of the mootness exceptions fit these cases.
 
 
 48
 1. Capable of Repetition While Evading Review
 
 
 49
 A case otherwise moot will still be heard if it presents an issue that is capable of repetition while evading review. Honig v. Doe, 484 U.S. 305, 318-20, 98 L. Ed. 2d 686, 108 S. Ct. 592 (1988); Roe v. Wade, 410 U.S. at 125. "This exception applies only 'in exceptional circumstances,'" GTE California, Inc. v. Federal Communications Comm'n, 39 F.3d 940, 945 (9th Cir. 1994) (quoting Enrico's, Inc., 730 F.2d at 1254), and it "provides only minimal protection to individual plaintiffs." Doe v. Attorney General of the U.S., 941 F.2d 780, 784 (9th Cir. 1991). In order to fit this exception, a controversy must meet two requirements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt, 455 U.S. at 482.
 
 
 50
 This case fails both requirements. Ordinarily, a FERC order determining jurisdiction and issuing a NGA certificate of public convenience and necessity is not of such short duration as to evade judicial review. A natural gas facility cannot cease its operations without FERC's permission while the certificate remains in force, 15 U.S.C. 717f(b), and the certificate generally remains in effect as long as the natural gas facility continues its operations. See 18 C.F.R. 157.20(e) (1995). FERC orders thus do not present legal issues that will generally evade review because the CPUC and PG&E will have a full opportunity to appeal FERC's order if another company wishes to build a natural gas facility in northern California that is factually similar to Mojave Pipeline's abandoned proposal. See Native Americans for Enola v. U.S. Forest Service, 60 F.3d 645, 646 (9th Cir. 1995) (holding that "permits issued by the Forest Service, and the administrative processes leading up to their issuance, are not inherently of such short duration that challenges to their validity will go unreviewed."); Northwest Resource Information Center, Inc., v. National Marine Fisheries Service, 56 F.3d 1060, 1070 (9th Cir. 1995) (holding that "the five-year duration of the current section 10 permit [issued pursuant to the federal Endangered Species Act] affords a litigant more than adequate time for review.").
 
 
 51
 Because FERC's orders generally do not evade review, this exception to the mootness doctrine cannot apply. See Native Americans for Enola, 60 F.3d at 646; Northwest Resource Information Ctr., 56 F.3d at 1070. In addition, it is also not reasonable to expect that this exact factual and legal situation will recur. As FERC has pointed out,
 
 
 52
 There is little reason to believe that, after Mojave invested millions of dollars in planning and seeking approval for the Northward Expansion, only to be forced to withdraw because of adverse economic circumstances, any party will lightly seek to emulate Mojave's experience. Nor is there any reason to believe that future natural gas pipeline expansions into California will necessarily adopt the unique configuration of the Northward Expansion, which, because it possessed certain characteristics of both interstate transportation lines and, at least superficially, local distribution facilities, raised unique jurisdictional questions.
 
 
 53
 When resolution of a controversy depends on facts that are unique or unlikely to be repeated, the action is not capable of repetition and hence is moot. Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1282-83 (9th Cir. 1994). Therefore, the "capable of repetition, yet evading review" exception to mootness does not apply to these cases
 
 2. Voluntary Cessation
 
 54
 Courts have held "that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot," unless "'there is no reasonable expectation that the wrong will be repeated.'" United States v. W.T. Grant Co., 345 U.S. 629, 632-33, 97 L. Ed. 1303, 73 S. Ct. 894 (1953) (quoting United States v. Aluminum Co. of America, 148 F.2d 416, 448 (1945)); Native Village of Noatak, 38 F.3d at 1510. CPUC claims that its appeal fits the voluntary cessation argument because Mojave Pipeline voluntarily declined the issued certificate of public convenience and necessity and FERC voluntarily vacated its orders.
 
 
 55
 However, the main case CPUC cites for the proposition that pure happenstance is required for mootness in fact decides when vacatur is appropriate, after a controversy has already been declared moot. U.S. Bancorp Mortgage Co., 513 U.S. 18, 130 L. Ed. 2d 233, 115 S. Ct. 386, 390 (1994). Instead, the standard, as quoted above, is whether the defendant is free to return to its illegal action at any time. Moreover, we have previously implied that, in order for this exception to apply, the defendant's voluntary cessation must have arisen because of the litigation. Nome Eskimo Community v. Babbitt, 67 F.3d 813, 816 (9th Cir. 1995).
 
 
 56
 Under these standards, CPUC's argument fails. Mojave Pipeline's decision to refuse its section 7 certificate was motivated by economic/business considerations, not this litigation. It concluded that the proposed Northward Expansion "is economically infeasible under current market circumstances, and, consequently, that Mojave is unable and does not intend to proceed with such Project." In addition, FERC - the actual respondent in these cases - had no control over Mojave Pipeline's decision, and it cannot reassert jurisdiction until another application is filed - if ever. Therefore, the voluntary cessation exception is inapplicable to these cases.
 
 3. Collateral Consequences
 
 57
 Another exception to the mootness doctrine applies to situations where a petitioner would suffer collateral legal consequences if the actions being appealed were allowed to stand. This exception is most commonly applied in habeas corpus proceedings where the petitioner has subsequently obtained the relief sought. See Larche v. Simons, 53 F.3d 1068, 1069-70 (9th Cir. 1995); White v. White, 925 F.2d 287, 290 (9th Cir. 1991). In contrast, we refused to apply the exception in an administrative warrant case when the petitioners could "cite no collateral continuing legal disputes to which the execution of the administrative warrant has given rise." Koppers Indus., Inc. v. United States Envtl. Protection Agency, 902 F.2d 756, 758 (9th Cir. 1990).
 
 
 58
 CPUC and PG&E have not explicitly argued that this exception to mootness applies to these cases. However, they do argue that the court's failure to decide the jurisdictional issues in these cases will cause a number of collateral consequences for the state, including forced discounting of natural gas rates for state-regulated local distribution companies and lost revenues because CPUC will not be able to clearly assert jurisdiction. These consequences arise in part because existing California suppliers entered long-term contracts to sell at discounted rates to meet the potential competition from Mojave's proposed extension.
 
 
 59
 No exception exists, however, for the mere "possibility of 'continuing, present adverse effects.'" Russoniello v. Olagues, 484 U.S. 806, 98 L. Ed. 2d 17, 108 S. Ct. 52 (1987). Instead, the collateral consequences must be legal. Koppers Indus., 902 F.2d at 758. CPUC has identified no collateral legal effects that would arise because of FERC's orders in this case. Moreover, the mere fact that PG&E has negotiated some long-term legal contracts is not enough to show collateral consequences. Finally, judicial resolution here would not necessarily end future jurisdictional arguments because jurisdiction under the NGA is particular to the specific natural gas facilities. Therefore, these cases fit no exceptions to the mootness doctrine and must be dismissed.
 
 III. VACATING FERC'S PRIOR ORDERS
 
 60
 FERC has moved for leave to vacate its six orders related to Mojave Pipeline's application because this court now has exclusive jurisdiction over those orders. Federal courts normally vacate the orders below when a case becomes moot on appeal. "The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." United States v. Munsingwear, 340 U.S. 36, 39, 95 L. Ed. 36, 71 S. Ct. 104 (1950); U.S. Bancorp Mortgage Co., 115 S. Ct. at 390. Vacatur
 
 
 61
 clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.
 
 
 62
 Munsingwear, 340 U.S. at 40; U.S. Bancorp Mortgage, 115 S. Ct. at 390.
 
 
 63
 We have adopted this general approach to vacatur as "automatic." Dilley v. Gunn, 64 F.3d 1365, 1369 (9th Cir. 1995) (citations omitted). See also Funbus Systems, Inc., 801 F.2d 1120 at 1131 (noting that established practice when a case has become moot on appeal is to "dismiss the appeal as moot, vacate the judgment below and remand with a direction to dismiss the complaint."). Both the Supreme Court and this court have recognized exceptions to this practice if the party seeking appellate relief fails to protect itself or is the cause of subsequent mootness. Munsingwear, 340 U.S. at 40-41 (refusing to vacate the judgment below because the United States "did not avail itself of the remedy it had to preserve its rights."); Dilley, 64 F.3d at 1370-71 (establishing that vacatur is not automatic "when an appellant renders his appeal moot by his own act"). However, mootness resulting from happenstance or from the "unilateral action of the party who prevailed below" does require vacatur. 115 S. Ct. at 391-92.
 
 
 64
 These appeals have become moot because Mojave Pipeline, the party that prevailed before FERC, has refused to accept its certificate of public convenience and necessity. Thus, the exception to automatic vacatur does not apply. Therefore, this court grants FERC leave to issue its "Order Vacating Prior Orders and Dismissing Motions," Mojave Pipeline Co., 75 F.E.R.C. P61,108, and remands these cases to FERC with instructions that FERC dismiss the entire Mojave Pipeline Company proceeding.
 
 
 65
 APPEALS DISMISSED AS MOOT; REMANDED WITH INSTRUCTIONS TO VACATE THE ORDERS BELOW AND TO DISMISS THE ADMINISTRATIVE PROCEEDING.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Court, District of Oregon, sitting by designation
 
 
 [1]
 Nevertheless, the Court emphasized that it had made no determination as to the legality of the ICC's order. A.L. Mechling, 368 U.S. at 329-30. This court similarly clarifies that it makes no determination as to the legality of FERC's original assumption of jurisdiction over Mojave Pipeline's application for its proposed Northward Expansion