**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERRY ADRON MCCULLOUGH, *Petitioner-Appellant*, <br><br> v. <br><br> CONRAD M. GRABER, Warden, *Respondent-Appellee*. | No. 11-16920 <br><br> D.C. No. 4:10-cv-00465-FRZ <br><br> ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted
February 15, 2013—San Francisco, California

Filed May 10, 2013
Amended July 11, 2013

Before: Jerome Farris and N. Randy Smith, Circuit Judges,
and Timothy M. Burgess, District Judge.[*]

Opinion by Judge Burgess

---

[*] The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

## SUMMARY[**]

**Habeas Corpus**

The panel amended its opinion, filed on May 10, 2013.

In the amended opinion, the panel dismissed as moot a 28 U.S.C. § 2241 habeas corpus petition requesting reconsideration of the Bureau of Prisons' rejection of petitioner's application to the Second Chance Act's elderly offender pilot program, which no longer exists. The Second Chance Act of 2007 allowed the Bureau to remove eligible elderly offenders from a Bureau facility and place them on home detention. The panel held that petitioner's appeal is moot because the relief requested in his habeas petition is no longer available.

## COUNSEL

Thomas S. Hartzell, Tucson, Arizona, for the Petitioner-Appellant.

Bruce M. Ferg (argued), Assistant U.S. Attorney; Christina M. Cabanillas, Appellate Chief; John S. Leonardo, United States Attorney, United States Attorneys' Office, Tucson, Arizona, for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

The opinion filed on May 10, 2013, is hereby AMENDED. An Amended Opinion is filed concurrently with this order.

No petition for rehearing or rehearing en banc was filed within the original time period, and that time period has now expired. No subsequent petitions for rehearing or rehearing en banc shall be filed.

---

**OPINION**

BURGESS, District Judge:

Perry A. McCullough brought a habeas petition requesting reconsideration of the Bureau of Prisons' rejection of his application to the Second Chance Act's elderly offenders pilot program, which no longer exists. The district court, considering the merits of the case, denied McCullough's habeas petition. We lack jurisdiction over the instant appeal because it is moot.

## I. Facts and Procedural History

In July 1990, McCullough was convicted by a jury of drug trafficking offenses and sentenced to 380 months imprisonment. On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199 (the "SCA") was signed into law. The SCA included the "[e]lderly and family reunification for certain nonviolent offenders pilot program," which allowed BOP to remove "eligible elderly offenders" from a BOP facility and place them on home detention. *See* 42 U.S.C.

§ 17541(g)(1).  There are several requirements to qualify as an "eligible elderly offender," including that the offender be at least 65 years of age, serving a non-life sentence for a non-violent and non-sex offense crime, and "has served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced."  *Id.* at § 17541(g)(5).

McCullough applied to the elderly offender pilot program in early 2009, calculating that, if BOP considered his good time credits, he would be eligible for the pilot program in March 2010.  BOP declined to consider McCullough's good time credits and denied McCullough's request, finding him ineligible for the pilot program because he would not have served 75 percent of his sentence until March 2013.  McCullough internally appealed BOP's decision, exhausting his administrative remedies.

McCullough petitioned *pro se* for habeas relief in the United States District Court for the District of Arizona.  In his petition, McCullough's singular request concerned BOP's calculation of whether he had served 75 percent of his sentence.  *See* Petition, *McCullough v. Graber* (No. 10-cv-465-FRZ) (No. 1) ("Petitioner is not challenging his conviction or his sentence.  He is merely challenging the manner in which that sentence is being administered by the BOP.").  On February 8, 2011, a magistrate judge issued a report and recommendation ("R&R"), suggesting the district court deny McCullough's petition for two reasons:  (1) McCullough's eligibility for the pilot program was within the sound discretion of BOP; and (2) McCullough was not eligible for the pilot program, as BOP correctly declined to consider good time credits in calculating eligibility.  In the R&R, the magistrate judge noted that she agreed with the reasoning in *Izzo v. Wiley*, 620 F.3d 1257, 1260 (10th Cir.

2010), in which the Tenth Circuit concluded that, under a plain language analysis of 42 U.S.C. § 17541, BOP is not required to consider good time credits in evaluating eligibility for the elderly offender pilot program. The district court adopted the R&R.

Meanwhile, in September 2010, the elderly offender pilot program was discontinued. Nevertheless, McCullough timely appealed the district court's order.

On appeal, McCullough argues that BOP miscalculated his time served by refusing to take into account his good time credits. McCullough further argues that his claim is distinguishable from *Izzo*, because McCullough was convicted prior to enactment of the Prisoner Litigation Reform Act ("PLRA"), which affects the way good time credits vest. McCullough acknowledges the termination of the pilot program, but suggests that we should nevertheless order BOP to recalculate his sentence and consider placing him in home detention. The government responds that McCullough's appeal is moot because the pilot program was discontinued, and that his claim also fails on the merits because eligibility for the pilot program is within BOP's discretion, and because Congress did not intend that BOP consider good time credits in its analysis of eligibility for the pilot program.

## II. Standard of Review

This court reviews *de novo* a district court's denial of a petition for writ of habeas corpus. *Serrato v. Clark*, 486 F.3d 560, 565 (9th Cir. 2007).

## III.    Discussion

A federal court lacks jurisdiction unless there is a "case or controversy" under Article III of the Constitution. *Pub. Util. Comm'n of the State of Cal. v. Fed. Energy Reg. Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996). This controversy must exist at all stages of the proceedings, including appellate review, "and not simply at the date the action is initiated." *Id*. If a court is unable to render "effective relief," it lacks jurisdiction and must dismiss the appeal. *Id*.; *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005) ("An appeal is moot 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.'") (citing *Calderon v. Moore*, 518 U.S. 149 (1996)).

The government argues that McCullough's appeal is moot because the pilot program to which he applied was terminated in September 2010. McCullough argues that his appeal is not moot because BOP retains the discretion to place him on home detention or in a residential reentry center ("RRC").[1] We note that McCullough's habeas petition did not request this relief – his petition only requested reevaluation of his eligibility for the pilot program, taking into account his good time credits.[2] *See* Petition, *McCullough v. Graber* (No. 10-

---

[1]  McCullough makes this argument in his initial *pro se* briefing, but it is not raised in counsel's supplemental briefing. After oral argument, McCullough pro se filed two additional letters that also, in part, addressed this issue. *See* Dkts, 45, 48. Because McCullough is represented by counsel, we decline to consider the letters filed on March 11 and 25, 2013.

[2]  *See* U.S.C.S. § 2254, Rule 2, requiring that a petition "specify all the grounds for relief available to the petitioner," as well as "the relief requested."

cv-465-FRZ) (No. 1). After termination of the pilot program, McCullough did not amend his petition.

We conclude that McCullough's appeal is moot. The relief requested in his habeas petition is no longer available because of the termination of the pilot program. *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1062–65 (9th Cir. 2007) (dismissing as moot habeas petition after petitioner's deportation where petition "challenged only the length of his detention, as distinguished from the lawfulness of the deportation order"). Due to termination of the pilot program, "changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc) (internal quotation marks omitted). Although we have recognized numerous exceptions to the mootness doctrine, none applies here. *See Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 964–65 (9th Cir. 2007) (describing exceptions to the mootness doctrine); *Sierra Club Found. v. Dep't of Transp.*, 563 F.3d 897, 898 (9th Cir. 2009) (appeal moot and did not fall into "yet evading review" exception to mootness; court need not consider appeal of a notice of intent to create a program that lost its funding to exist where any future program would "present different questions"); *Serrato*, 486 F.3d at 565 (appeal not moot because although habeas petitioner was released from prison, appeal "s[ought] relief in the form of reduction of [petitioner's] supervised release"); *Mujahid*, 413 F.3d at 994–95 (same). Accordingly, we dismiss McCullough's appeal as moot.

**DISMISSED.**