FILED

NOT FOR PUBLICATION

MAY 10 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-12-1515-MkTaMo |
| ELKE MAGDALENA LESSO, | Bk. No.   11-32945 |
| Debtor. | |
| FUCHS & ASSOCIATES, INC. | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| ELKE MAGDALENA LESSO, | |
| Appellee.[**] | |

Argued on February 21, 2013
at Pasadena, California

Submitted on March 25, 2013

Filed – May 10, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]In its Notice of Appeal, Fuchs & Associates, Inc. named three additional parties as appellees in this appeal: (1) Lone Oak Fund, LLC, (2) the Los Angeles County Treasurer & Tax Collector, (3) and the Perfect Bite Company.  But Fuchs & Associates, Inc. later stipulated with these three parties for their removal as appellees herein.  Based on that Stipulation, the Panel entered an order on January 13, 2013 effectively removing these three parties as appellees.

Appearances:    John R. Fuchs of Fuchs & Associates, Inc. argued for Appellant Fuchs & Associates, Inc.; Thomas H. Edwards argued for Appellee Elke M. Lesso.

Before:  MARKELL, TAYLOR and MONTALI,[***] Bankruptcy Judges.

**INTRODUCTION**

Chapter 11[1] debtor Elke Lesso ("Lesso") moved for authority under § 363(f) to sell two parcels of real property located in Glendale, California ("Properties") free and clear of liens. Appellant Fuchs & Associates, Inc. ("FAAI") opposed the sale motion, claiming among other things that it held valid liens against the Properties.  In the process of granting the sale motion, the bankruptcy court declared that one of FAAI's liens was invalid and that the other was subject to bona fide dispute and, hence, the Properties could and would be sold free and clear of the alleged liens in accordance with § 363(f)(4).  The bankruptcy court entered an order granting Lesso's sale motion, and FAAI appealed.  Because it is impossible for us to provide FAAI with any meaningful relief on the state of this record, we DISMISS this appeal as moot.

**FACTS**

In September 2007, Lesso commenced a dissolution proceeding against her ex-husband, Piotr Andrzejewski ("Andrzejewski"), in

---

[***]Hon. Dennis Montali, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

the Family Law Division of the Los Angeles Superior Court ("Family Court") (LASC Case No. GD041694), and the Family Court entered an interlocutory judgment of dissolution on January 21, 2011. FAAI represented Lesso in the dissolution proceeding between October 2008 and June 2010. This representation ultimately led to a dispute between Lesso and FAAI over fees. It is undisputed that Lesso paid FAAI over $400,000 in attorney's fees, but FAAI claims that Lesso owes it hundreds of thousands of dollars more.

In the course of the dissolution proceeding, the Family Court made several rulings significant to the parties' fee dispute. First, on October 8, 2009, the Family Court issued an order ("$375,000 Judgment") against Andrzejewski that in relevant part awarded Lesso $375,000 under Cal. Fam. Code § 2030(a)(1),[2] as pendente lite attorney's fees, on account of fees she then owed FAAI and fees she expected to owe FAAI in the future. While the $375,000 Judgment stated that the fees were awarded to Lesso,

_____

[2]The statute provides in relevant part:

> (a)(1) In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding.

Cal. Fam. Code § 2030(a)(1).

3

it also directed Andrzejewski to wire the fees to FAAI's trust account. To date, Andrzejewski has not satisfied the $375,000 Judgment.

Much of the current dispute between Lesso and FAAI arises from the $375,000 Judgment because of its language directing Andrzejewski to wire the fees to FAAI's trust account and because of the language of Cal. Fam. Code § 2030(a)(1), which among other things directs the Family Court to order payment of such fees either to a party or that party's attorney. FAAI claims that it – not Lesso – is the judgment creditor entitled to enforce the $375,000 Judgment. Lesso contends that she – not FAAI – is the judgment creditor entitled to enforce the $375,000 Judgment.

After FAAI ceased representing Lesso in the dissolution proceeding in June 2010, it focused its efforts on recovering the additional attorney's fees it claimed Lesso owed it ("Additional Fees"). While some of its collection efforts were aimed directly at Lesso, others were aimed at Andrzejewski based on its supposed rights under the $375,000 Judgment. For example, in June 2010, within days of Lesso terminating FAAI as her counsel, FAAI recorded an abstract of judgment ("Abstract") in which it identified itself as the judgment creditor of the $375,000 Judgment.[3]

FAAI also sought to enforce its purported judgment creditor rights by filing a motion in the Family Court seeking an

---

[3]Even before Lesso terminated FAAI as her counsel, FAAI sought and obtained a writ of execution on the $375,000 Judgment ("Writ Of Execution"), which identified FAAI as the judgment creditor. FAAI claims that Lesso consented to FAAI obtaining the Writ Of Execution in its own name as judgment creditor.

4

assignment of rents from the Properties. Lesso opposed that motion. The Family Court held a hearing on the assignment of rents motion on August 30, 2010. At the hearing, the Family Court recited the respective positions taken by Lesso and FAAI. According to the Family Court, Lesso argued that FAAI was not a bona fide judgment creditor and that she was the person entitled to enforce the $375,000 Judgment. As for FAAI, the Family Court stated that FAAI pointed to the Writ Of Execution and the Abstract as supporting its claim to be the judgment creditor under the $375,000 Judgment. The Family Court agreed with Lesso. It in essence held that, in granting the $375,000 Judgment, it never had intended for FAAI to be able to attach that amount of money.[4]

---

[4]FAAI claims that at the August 30, 2010 hearing the Family Court never addressed whether FAAI was a bona fide creditor entitled to enforce the $375,000 Judgment. According to FAAI, the form of order the Family Court signed therefore should not have purported to resolve that issue. But page 6 of the August 30, 2010 hearing transcript tends to contradict FAAI's claim. We acknowledge that page 6 and many other pages of that transcript are subject to legibility problems, but we are comfortable that a sufficient amount of the transcript is legible, such that we have accurately reflected in this decision the gist of the Family Court's relevant statements. In any event, the content of the written order controls over any alleged inconsistency with the Family Court's oral ruling. See Kong v. City of Hawaiian Gardens Redevelopment Agency, 134 Cal.Rptr.2d 260, 265 n.9 (Cal. App. 2002). We apply the same rule to bankruptcy court orders. See Cashco Fin. Servs., Inc. v. McGee (In re McGee), 359 B.R. 764, 774 n.9 (9th Cir. BAP 2006).

FAAI claims to have obtained a full and legible copy of the August 30, 2010 Family Court hearing transcript. We will not consider the more legible version of the transcript at all, because it was not made available to the bankruptcy court before it ruled. But FAAI only saw fit to attach to its opening appeal

(continued...)

The Family Court thereafter entered its order denying FAAI's assignment of rents motion ("Rents Assignment Denial Order"). In that order the Family Court explicitly held that FAAI was not entitled to an assignment of rents because it was not a bona fide judgment creditor and was not entitled to the Writ Of Execution for $375,000.

In addition to the judgment lien ("Judgment Lien") arising from FAAI's recordation of its Abstract, FAAI claimed to hold a valid attorney fee and cost lien ("Charging Lien") against all of Lesso's property. The Charging Lien allegedly arose from FAAI's hourly attorney fee agreements ("Fee Agreements") with Lesso. On June 25, 2010, in furtherance of its purported Charging Lien, FAAI filed in the Family Court a notice of attorney fee and cost lien for $625,000.

FAAI also initiated a collection action against Lesso. On July 14, 2010, FAAI sued Lesso in the Civil Division of the Los Angeles County Superior Court ("State Court") seeking to recover all of the Additional Fees Lesso allegedly owed it. In September 2011, that matter was heard pursuant to mandatory binding arbitration in accordance with the terms of the Fee Agreements. In October 2011, the arbitrator issued an award ("Arbitration Award") finding, among other things, that the Abstract was "invalidated by the [Family Court], and the [Judgment Lien]

[4](...continued)
brief (Ex. A thereto) a single page – page 7 – from its more-legible version of the transcript. Apparently, FAAI believes that page 7 supports its version of what transpired at the hearing. We presume that FAAI did not make available to the Panel the more legible version of page 6 from the same transcript because it does not support its version of events.

6

should be expunged and title cleared." Arbitration Award (Oct. 12, 2011) at p. 12; see also id. at 7. The arbitrator further found that FAAI had no right under the Fee Agreements to a Charging Lien against the Properties. Id. at 12. Ultimately, the arbitrator concluded: "[1] [FAAI] shall recover no additional attorney fees, costs or damages; [2] The lien recorded by [FAAI] is invalid and should be expunged; [and 3] [FAAI] need not refund any of the $480,998.68 previously paid [by Lesso]." Id. at 13.

On January 19, 2012, the State Court confirmed the Arbitration Award in its entirety. In addition, the California Court of Appeal recently affirmed the State Court's judgment confirming the Arbitration Award. See Fuchs & Associates, Inc. v. Lesso, No. B239246, 2013 WL 74441 (Cal. Ct. App. Jan. 8, 2013, modified on denial of reh'g, January 28, 2013). A discretionary appeal was lodged with the California Supreme Court. See Fuchs & Associates v. Lesso, No. S208621 (Cal. S. Ct. Feb. 14. 2013). However, on May 1, 2013, the California Supreme Court denied review.

Meanwhile, Lesso filed her chapter 11 bankruptcy case on May 26, 2011, and she moved to sell the Properties under § 363(f) on August 6, 2012 ("Sale Motion"). Several parties, including FAAI, responded to the Sale Motion, and Lesso filed replies addressing each response. On August 30, 2012, the bankruptcy court held its first hearing on the Sale Motion. Shortly before that hearing, the bankruptcy court issued a lengthy and detailed tentative ruling setting forth a history of key events from the dissolution proceeding and addressing the parties' issues.

For purposes of this appeal, however, only two issues are

7

important.  First, as to the Judgment Lien, the bankruptcy court relied on the Family Court's Rents Assignment Denial Order to hold that the Judgment Lien was invalid.  In light of that holding, the bankruptcy court rejected FAAI's objection to the sale to the extent that objection was based on its Judgment Lien.

Second, as to the Charging Lien and the Additional Fees, the bankruptcy court referenced the Arbitration Award, which had determined that Lesso owed no Additional Fees to FAAI.  The bankruptcy court further noted that the State Court had confirmed the Arbitration Award and that the confirmed Arbitration Award was the subject of an appeal then pending in the California Court of Appeal.  Based thereon, the bankruptcy court held that FAAI's Charging Lien claim could be dealt with under § 363(f)(2).  FAAI has not challenged this holding on appeal.

The bankruptcy court did not fully dispose of the Sale Motion immediately at or after the August 30, 2012 hearing.  Instead, the bankruptcy court continued the hearing until September 27, 2012.  The continuance gave Lesso the opportunity to serve additional notice of the sale and gave interested parties the opportunity to file supplemental briefs on the issues they raised in response to the proposed sale.

At the September 27, 2012 continued sale hearing, the bankruptcy court adopted as its final ruling a slightly amended version of its August 2012 tentative ruling.  For our purposes, the final ruling did not materially differ from the August 2012 tentative ruling regarding the bankruptcy court's disposition of the Judgment Lien (held invalid), the Charging Lien (held subject to bona fide dispute), and the Additional Fees Lesso allegedly

8

owed FAAI (also held subject to bona fide dispute).

Based on the final ruling, the bankruptcy court entered on October 5, 2012, its order approving the sale of the Properties free and clear of all liens under § 363(f) ("Sale Order"), and FAAI timely filed a notice of appeal from the Sale Order on October 10, 2012.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(N).  Subject to the mootness discussion set forth below, we have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Is this appeal moot?

**STANDARD OF REVIEW**

Constitutional mootness is a jurisdictional issue that we review de novo.  See Hunt v. Imperial Merchant Servs., Inc., 560 F.3d 1137, 1141 (9th Cir. 2009).

**DISCUSSION**

This Panel lacks jurisdiction over appeals when they do not present an actual "case or controversy" within the meaning of Article III of the Constitution.  See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012) (citing Felster Publ'g v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005)).  In turn, an appeal is considered moot, and does not present a live case or controversy, when it would be impossible for us to grant any effective or meaningful relief to the appellant even if it were to prevail on the merits of its appeal.  See id.  Sometimes, the existence of a final, non-appealable order may render an appeal

9

from another order moot because it would be impossible to grant relief from the appealed order without unwinding the effect of the final, non-appealable order. See Parks v. Drummond (In re Parks), 475 B.R. 703, 706 (9th Cir. BAP 2012); Omoto v. Ruggera (In re Omoto), 85 B.R. 98, 99-100 (9th Cir. BAP 1988).

In this appeal, FAAI has not sought to unwind the sale. Instead, FAAI has sought to establish its entitlement to a share of the sale proceeds based on the Judgment Lien, the Charging Lien and the Additional Fees. But the California Court of Appeal has affirmed the State Court's judgment confirming the Arbitration Award, which in relevant part held: (1) that the Judgment Lien was invalid, (2) that FAAI had no right to a Charging Lien under the Fee Agreements, and (3) that in any event Lesso did not owe any Additional Fees to FAAI. Those holdings are now final, and they are not subject to further appeal. As a result, even if we were to conclude that the bankruptcy court committed some form of reversible error, our vacatur or reversal of the bankruptcy court's sale order would not provide FAAI with any meaningful relief. In light of the Arbitration Award, FAAI still would not be entitled to any share of the proceeds from the sale of the Properties.

While Lesso's sale motion was a core bankruptcy matter, see 28 U.S.C. 157(b)(2)(N), the respective rights and interests of the parties in the Properties and the sale proceeds were determined by reference to state law. See Butner v. United States, 440 U.S. 48, 55 (stating that property interests in bankruptcy proceedings generally are defined by state law); Ahcom, Ltd. v. Smeding, 623 F.3d 1248, 1250 (9th Cir. 2010)

(same).  Here, the State Court's order confirming the Arbitration Award effectively established that, under California law, FAAI had no valid claim against Lesso and no valid interest in the sale proceeds.  As a matter of comity and federalism, we generally must give deference to state court judgments and proceedings.  See, e.g., Marciano v. Chapnick (In re Marciano), 708 F.3d 1123, 1128 (9th Cir. 2013); G.C. and K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1107 (9th Cir. 2003).

Under these circumstances, we cannot grant FAAI any relief that would improve its position vis-a-vis Lesso or the proceeds from sale of the Properties.  Accordingly, this appeal is moot.

We acknowledge that FAAI also lacks standing.  More specifically, in light of the Arbitration Award, FAAI no longer has a stake in the sale or the proceeds.  In this instance, mootness is manifesting itself as "'the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"  Arizonans for Official English v. Ariz., 520 U.S. 43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)).  Accord, Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) (quoting Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999)).  While in some contexts, this statement might oversimplify the two doctrines, see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189-93 (2000), the statement is quite apt here.  Simply put, because the Arbitration Award effectively has stripped FAAI of its standing,

11

this appeal has become moot.[5]

## CONCLUSION

For the reasons set forth above, we DISMISS this appeal as moot.

---

[5]While we can and do hold in the alternative that FAAI lacks standing, we need not alter our disposition of this appeal based on mootness. Indeed, it would be permissible for us to dismiss based on mootness without addressing the standing issue at all. See, e.g., Cook Inlet Treaty Tribes, 166 F.3d at 989 (citing Arizonans for Official English, 520 U.S. at 66-67).