# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: STANLEY KIRK BURRELL, dba/
Bustin' Publishing, aka/M.C.
Hammer; In re: STEPHANIE
DARLENE BURRELL, aka/Bustin'
Publishing,

*Debtors,*

FELTON PILATE, dba/Felstar Music;
FELSTER PUBLISHING,

*Appellants,*

v.

STANLEY KIRK BURRELL, aka/M.C.
Hammer, Hammer, dba/Bustin'
Publishing; STEPHANIE DARLENE
BURRELL, individually and as
business associates of unknown
character,

*Appellees.*

No. 02-16466

D.C. Nos.
CV-01-02657-SI
99-4173AN

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Argued and Submitted
December 8, 2004—San Francisco, California

Filed July 11, 2005

Before: Dorothy W. Nelson, Andrew J. Kleinfeld, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge D. W. Nelson

8033

## COUNSEL

Sheila Gropper Nelson, San Francisco, California, for the appellant.

Stanley K. Burrell, in pro per, Tracy, California, for the appellee.

## OPINION

D. W. NELSON, Circuit Judge:

In 1986, a then little known rapper, Stanley Burrell (at the time known as "Holy Ghost Boy" and later to be known as "M.C. Hammer," and subsequently simply "Hammer"), approached Felton Pilate, a well-established producer, to collaborate on the production of an album. Their first LP, "Let's

Get It Started," went multi-platinum in 1988 and they continued to collaborate until 1990 without any written agreement. In January 1990, they signed two contracts (the Songwriter's and Producer's agreements), the interpretation of which is the sole issue appealed from the judgments below.

This case presents the question of whether the preclusive effect of those judgments requires vacatur in the bankruptcy context when the underlying claims have been mooted on appeal.

I.

Burrell filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*, on April 1, 1996. In September 1998, his bankruptcy petition was converted to a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* On April 5, 1999, Pilate filed an adversary complaint in the bankruptcy proceeding, objecting to the discharge of Burrell's debt to him and requesting, *inter alia*, an order of denial of discharge of debts. Among Pilate's asserted grounds for denial of discharge were breach of fiduciary duty under 11 U.S.C. § 523(a)(4), and conversion of property under 11 U.S.C. § 523(a)(6).

Burrell moved to dismiss Pilate's complaint for failure to state a claim upon which relief can be granted under Fed. R. Bankr. P. 7012(b), which applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings in bankruptcy. The bankruptcy court dismissed all causes of action pertaining to Stephanie Burrell, Burrell's wife, finding nothing in the complaint alleging that Mrs. Burrell had been involved in any of the transactions between Pilate and Burrell, or had a role in the alleged fraudulent conduct. The court also dismissed the causes of action that were based on the existence of an express trust.

Burrell then filed motions for summary judgment on the remaining causes of action. The bankruptcy court granted

Burrell's summary judgment motion on the 11 U.S.C. § 523 causes of action on July 19, 2000, and Pilate appealed to the district court. Pilate argued that the bankruptcy court erred when it held that co-ownership of a copyright does not create a fiduciary relationship, when it found that the Producer's and Songwriter's agreements did not reach the pre-1990 compositions, and when it dismissed all claims against Stephanie Burrell.

On May 21, 2002, the district court affirmed the bankruptcy court on all claims, but only after the bankruptcy court had already denied discharge of Burrell's debts on April 24, 2002, for failure to fulfill certain conditions of a settlement agreement with the Chapter 7 trustee. Pilate timely filed this appeal.

We hold that Pilate's claims for denial of discharge of debt were rendered moot when the bankruptcy court denied discharge on other grounds while Pilate's appeal was pending before the district court. We therefore dismiss this appeal as moot. We vacate the district court's decision and remand to the district court with directions to dismiss. On remand, the district court is ordered to vacate the judgment from which Pilate originally appealed, remanding to the bankruptcy court with instructions to dismiss.

## II.

The disputed agreements were entered into concurrently, with the Producer's agreement effective January 1, 1990 and the Songwriter's agreement effective January 31, 1990. In both agreements, Pilate assigned his copyright interests to Burrell in exchange for a $125,000 yearly salary and future royalties. Pilate claims the agreements only operate prospectively while Burrell maintains that the agreements also reach pre-1990 compositions. Both the bankruptcy court and the district court on appeal accepted Burrell's interpretation of the

agreements.[1] We decline to reach this issue because of the mootness of Pilate's underlying claim.

Neither party argues that the case is moot. However, this court has an independent obligation to consider mootness *sua sponte*. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)*; Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). At the outset, then, the court must determine its own jurisdiction over this appeal. *Pizza of Haw., Inc. v. Shakey's, Inc.* (*In re Pizza of Haw., Inc.*), 761 F.2d 1374, 1377 (9th Cir. 1985).

[1] The district court asserted jurisdiction pursuant to 28 U.S.C. § 158(a). This court, in turn, has jurisdiction pursuant to 28 U.S.C. § 158(d), but "only if the order appealed from is within the scope of section 158(a), a bankruptcy court order appealed to a district court." *Benny v. England* (*In re Benny*), 791 F.2d 712, 718 (9th Cir. 1986). If the appeal from the district court to this court "did *not* reach the district court through section 158(a), section 158(d) has no application." *Id.*

[2] The district court did not properly have jurisdiction to hear this case because the case became moot while it was pending before the district court. On April 24, 2002, less than a month before the district court entered its order of judgment, the bankruptcy court entered an order denying the discharge of the debtors on other grounds. If the district court lacked jurisdiction, it could not issue a *bona fide* "final decision" in

---

[1]The issue of whether Pilate assigned his ownership interest in the pre-1990 copyrights is ancillary to, though implicated by, Pilate's claims seeking denial of discharge of the debt owed him by Burrell. Specifically, the district court found without merit Pilate's claim that his debt should be excepted from discharge because it is "for willful and malicious injury to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Pilate's willful and malicious conversion claim turned on whether he had retained any ownership interest in the copyrights to the pre-1990 compositions. Because, as the bankruptcy and district courts found, Pilate no longer had any interests in the pre-1990 works, he had no property to be converted.

this case, a prerequisite to this court's ability to review bankruptcy cases on appeal. *See* 28 U.S.C. § 158(d); *In re Benny*, 791 F.2d at 718. Accordingly, the appeal would not have properly reached this court through § 158(a), and "jurisdiction therefore cannot lie in this court under section 158(d)." *In re Benny*, 791 F.2d at 718; *see also Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

**[3]** If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction, *see Rice*, 404 U.S. at 246, and the concomitant "power to declare the law" by deciding the claims on the merits. If the district court lacked jurisdiction to reach the merits because of mootness, so does this court. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (2003) ("[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review . . . [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.") (internal citations and quotation marks omitted). The threshold question, then, is whether this case was in fact moot at the time the district court rendered its judgment. We find that it was.

### III.

**[4]** A case is moot if the issues presented are no longer live and there fails to be a "case or controversy" under Article III of the Constitution. *See GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot."

*Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986); *see also Pub. Util. Comm'n of the State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996) ("The court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the appeal."). In Pilate's case, no such relief could have been granted given that Pilate had already gotten the relief he sought because of Burrell's failure to meet the terms of Burrell's settlement agreement with the bankruptcy trustee.

**[5]** In his appeal to this court, Pilate in effect seeks a declaratory judgment that the Songwriter's and Producer's agreements only worked prospectively to transfer ownership interests in Pilate's post-1990 copyrights to Burrell. Even if the panel were to construe Pilate's earlier request for relief from the district court somehow as including a request for a declaratory judgment on the interpretation of the contracts, the district court could not have granted that relief. *See Pub. Util. Comm'n of the State of Cal.*, 100 F.3d at 1459 ("A federal court cannot issue a declaratory judgment if a claim has become moot."). There are, however, four major exceptions to the mootness doctrine, for (1) collateral legal consequences; (2) wrongs capable of repetition yet evading review; (3) voluntary cessation; and (4) class actions where the named party ceases to represent the class. *See id.* at 1459-61; *Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1141 (9th Cir. 2005).

**[6]** The one plausible candidate exception in Pilate's case is for collateral legal consequences that survive after the plaintiff's primary injury has been resolved. *See Pub. Util. Comm'n of the State of Cal.*, 100 F.3d at 1460 (holding that for mootness purposes, a party satisfies the Article III case or controversy requirement by continuing to suffer collateral legal consequences of the action being appealed). On appeal to this court, Pilate suggests that the "continuing legal implications" of judgments that "taint" his ownership interest in the pre-1990 compositions affect "cognizable legal rights" and are therefore not mooted on appeal. While Pilate gives short

shrift to this argument in his brief, the implication is that the "taint" of the earlier judgments comes in the form of their preclusive effect on future claims involving the issue of exactly what copyrighted material the contested contracts reach.

[7] Pilate may not invoke as an exception to the mootness doctrine the specter of continuing legal harm from res judicata or collateral estoppel arising from his mooted claims when such harm is merely hypothetical and speculative. *See Koppers Indus., Inc. v. U.S. E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). Pilate "cite[s] no collateral continuing legal disputes to which the [mooted claim] has given rise," *id.*, other than vaguely referring to the enduring "taint" of the lower court judgments. Moreover, "[t]he speculative contingency that such issues might arise afford[s] no basis for our passing on the substantive issues." *Id.* (internal citations and quotation marks omitted). Because Pilate has not shown that "there is a substantial controversy, between parties having adverse legal interests, of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment," his request for relief does not qualify for the collateral consequences exception to the mootness doctrine. *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974) (emphasis added).

IV.

[8] It is well established, however, that collateral estoppel engenders legal consequences from which a party may continue to suffer harm after a claim has been rendered moot. The Supreme Court has recognized that because of the unfairness of the enduring preclusive effect of an unreviewable decision in the case of a civil action that has become moot on appeal, "[t]he established practice of the Court . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.* 340 U.S. 36, 39 (1950). While *Munsingwear*'s directive was only dictum, the Supreme Court has since affirmed this practice as it relates to mootness that arises by "happenstance." *U.S. Bancorp Mort-*

*gage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 n.3 (1994) ("We thus stand by *Munsingwear*'s dictum that mootness by happenstance provides sufficient reason to vacate."). This practice is, nonetheless, limited.

**[9]** As this court observed, "*U.S. Bancorp* makes clear that the touchstone of vacatur is equity." *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995). And equity counsels against vacatur, "when the appellant has by his own act caused the dismissal of the appeal." *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). The Supreme Court in *U.S. Bancorp* held that when parties settle during the pendency of their appeal, thereby mooting the appeal, *Munsingwear* is "inapplicable." *U.S. Bancorp*, 513 U.S. at 26. The Court reasoned that, in settling, the appellant had "voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id*. at 25. The primary inquiry, then, "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *Id*. at 24.

**[10]** In this case, Pilate, the party seeking relief from the judgment below, did not render his appeal moot by voluntary action or by any act of his own. *Cf. Blair v. Shanahan*, 38 F.3d 1514, 1521 (9th Cir. 1994) (automatic vacatur not granted even when a litigant whose action causes mootness does not intend to moot his appeal). The bankruptcy court's judgment interpreting the Songwriter's and Producer's agreements and the district court's judgment affirming the same would be unreviewable were we to dismiss the appeal without vacating the judgments below. Burrell, not Pilate, rendered this appeal moot when the bankruptcy court denied discharge of Burrell's debt because of Burrell's failure to comply with conditions of settlement with the bankruptcy trustee. Pilate has therefore not surrendered his claim to the equitable remedy of vacatur and should not be penalized by an unfair application of collateral estoppel, when his case has been mooted

through no act of his own. *Dilley*, 64 F.3d at 1370 (" 'A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.' ") (quoting *U.S. Bancorp*, 513 U.S. at 25).

V.

**[11]** While *Munsingwear* dealt only with vacatur of a single lower court judgment, this case involves two potentially preclusive lower court judgments, and thus raises the issue of whether *Munsingwear* and *U.S. Bancorp* may require multiple vacaturs in the bankruptcy context. *See Dunlavey v. Ariz. Title Ins. & Trust Co.* (*In re Charlton*), 708 F.2d 1449, 1454 (9th Cir. 1983) ("Bankruptcy proceedings do not fit squarely within the *Munsingwear* rule because of the fact that three, not two, court systems are involved.").[2] We hold that in such a situation, if the appeal has become moot through no act of the party seeking relief, *Munsingwear* requires vacatur of both the judgments of the district court or the BAP *and* the bankruptcy court. *See W. Farm Credit Bank v. Davenport* (*In re Davenport*), 40 F.3d 298, 299 (9th Cir. 1994) (vacating under *Munsingwear* both the decision of the bankruptcy court confirming the debtors' plan of reorganization and the decision of the BAP affirming the bankruptcy court order, after the bankruptcy action was dismissed at the request of the debtors); *contrast In re Charlton*, 708 F.2d at 1455 (vacating district court order affirming order of bankruptcy court but refusing to require bankruptcy court to vacate its order approving sale when sale proceeded because of appellant's failure to comply with Rule 805, which caused the mootness of his appeal).

---

[2]A party may appeal a bankruptcy court judgment to the District Court or to the Bankruptcy Appellate Panel ("BAP"), from either of which a second appeal can be taken to the United States Court of Appeals.

## VI.

## CONCLUSION

[12] Because Pilate did not cause the mootness of his appeal and because the preclusive effect of the lower court judgments, if unreviewed, may unfairly prejudice Pilate, the judgments below must be vacated. We therefore vacate the judgment of the district court and direct the district court on remand to dismiss. The district court shall also vacate the bankruptcy court judgment, remanding to the bankruptcy court with instructions to dismiss. The appeal to this court is hereby dismissed as moot.

**VACATED and REMANDED**