FILED

NOV 10 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   NC-14-1510-TaDJu |
| )  | |
| GREEN HORIZON MANUFACTURING, ) | Bk. No.   14-30105 |
| LLC, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| GREEN HORIZON MANUFACTURING, ) | |
| LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| ENCINAL DEL MONTE PLANT 48 ) | |
| REUSE, LLC, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on October 23, 2015
at San Francisco, California

Filed – November 10, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding

Appearances:   Ann McFarland Draper of Draper Law Offices argued for appellant Green Horizon Manufacturing, LLC; Matthew J. Shier of Shierkatz RLLP argued for appellee Encinal Del Monte Plant 48 Reuse, LLC.

Before:   TAYLOR, DUNN, and JURY, Bankruptcy Judges.

---

    [*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Former chapter 7[1] debtor Green Horizon Manufacturing, LLC appeals from a bankruptcy court order terminating its lease with Encinal Del Monte Plant 48 Reuse, LLC.

We dismiss the appeal as MOOT.

**FACTS[2]**

Green Horizon leased commercial real property in Alameda, California (the "Premises") from Encinal. Eventually, a lease dispute arose; Encinal alleged non-payment of rent while Green Horizon defended based on allegations that Encinal improperly shut off the delivery of water to the Premises. Encinal sought resolution through an unlawful detainer action. Green Horizon responded with a chapter 11 petition.

Green Horizon did not undertake its chapter 11 responsibilities with alacrity. It filed monthly operating reports only after seven months and only then in response to a bankruptcy court order. And its chapter 11 case did not move smoothly toward plan confirmation. The lease dispute spilled over to the bankruptcy court, and, over a nine-month period, the parties filed hotly contested motions, including competing motions to terminate and to assume the lease.

During this time and pursuant to bankruptcy court orders,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] We exercise our discretion to take judicial notice of documents filed in the bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

however, Green Horizon paid post-petition rent to Encinal. Green Horizon paid nothing in May 2014 as it claimed entitlement to a month of "free" rent pursuant to the lease.

Eventually, with no prospect for unassisted assumption and cure on the horizon, Green Horizon focused on assignment of the lease to a third party; in September 2014, it filed a supplemental motion to assume and assign. The parties' disputes continued unabated, however. They did not agree on either the amount, timing, or feasibility of cure. Accordingly, the bankruptcy court set an evidentiary hearing for the last week of October.

An already acrimonious situation got only more complicated when Encinal learned that Green Horizon did not intend to pay October rent based on a new interpretation of the lease. Encinal promptly obtained an emergency hearing from the bankruptcy court. At the hearing, Green Horizon, Encinal, and the Unsecured Creditors' Committee appeared.

Green Horizon explained its new position and argued that under its new calculations it had overpaid post-petition rent by $2,000 and owed nothing for October. Encinal vigorously disputed these allegations and requested that the lease terminate if October rent was not paid.

The bankruptcy court focused on risk allocation under these disputed facts. It ascertained that Green Horizon might not have funds to pay October rent, and it acknowledged that an order to pay rent might unfairly cause lease termination if Green Horizon's new calculations carried the day. But it also acknowledged that if Green Horizon was incorrect, Encinal would

3

unfairly bear the loss. Ultimately, the bankruptcy court adopted the Creditors' Committee's suggestion and ordered Green Horizon to pay $9,000 - half of the October rent allegedly due - to Encinal's counsel with the payment to be held in trust pending determination of the issue at the evidentiary hearing. The bankruptcy court required the payment by the end of the second week of October; this allowed Green Horizon a week to make the payment.

Green Horizon, however, neither paid any amount nor requested additional time to do so. Consequently, Encinal's counsel filed an ex-parte declaration so stating and renewed its request for termination of the lease.

The following day, the bankruptcy court entered an order granting Encinal's motion to terminate the lease and denying Green Horizon's supplemental motion to assume and assign (the "Lease Order"). The order stayed Green Horizon's surrender of the Premises for 30 days to allow for an orderly transition. It provided, however, that if Green Horizon did not vacate the Premises within 30 days, Encinal could obtain stay relief.

Green Horizon timely appealed the Lease Order.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). Our jurisdiction is founded on 28 U.S.C. § 158, which we address below.

**ISSUES**

Whether this appeal is moot; and, if not, whether the bankruptcy court erred in terminating the lease.

4

## STANDARD OF REVIEW

We review our jurisdiction, including questions of mootness, de novo. Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014).

## DISCUSSION

Green Horizon did not seek a stay pending appeal from the Lease Order. Thus, consistent with that order, the bankruptcy court issued two additional orders directly impacting Green Horizon's rights to the Premises. The first order terminated the stay as to the lease and the Premises and ordered Green Horizon to vacate immediately and surrender possession of the Premises; the second order also allowed Encinal to dispose of personal property left on the Premises in accordance with state law. In support of these orders, the bankruptcy court issued a writ of possession.

Because Green Horizon continued to neglect its chapter 11 debtor responsibilities, including its continuous failure to file monthly operating reports, the case was converted to chapter 7. Finally, the bankruptcy court dismissed the case based on Green Horizon's failure to appear at the § 341(a) meeting of creditors in the chapter 7 case.

Green Horizon did not appeal from any of these orders, and they are now final.

Based on the record before us, we conclude that the appeal is moot.[3]

---

[3] In its brief on appeal, Encinal raised the "suggestion of impending [equitable] mootness," based on a then pending sale

(continued...)

5

"A case is moot if the issues presented are no longer live and there fails to be a 'case or controversy' under Article III of the Constitution." Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). Determining constitutional mootness turns on whether "the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in [its] favor." Id.

Here, the Panel could reverse the Lease Order and, thus, accord Green Horizon facial relief. But, Green Horizon seeks this outcome only as a means to an end — reinstatement of the lease and repossession of the Premises. This desired outcome is foreclosed. Encinal has relet the Premises, and the bankruptcy court has dismissed the chapter 7 case. On this record, we cannot provide meaningful relief to Green Horizon.[4]

Even if the appeal is not constitutionally moot, we may dismiss the appeal based on equitable mootness; that is, when there has been a "comprehensive change of circumstances . . . so as to render it inequitable for this court to consider the merits of the appeal." Rev Op Group v. ML Manager LLC

---

[3](...continued) of the Premises to a third party purchaser. Notwithstanding an order issued by the BAP Clerk of Court requiring an affirmative response on the mootness issue, Green Horizon did not respond.

[4] To the extent Green Horizon believes it has a damages claim against Encinal - something that we neither decide nor insinuate - it is free to pursue any such claims in state court. To the extent Green Horizon's focus is on the preclusive effect of the Lease Order in a state court proceeding, we also express no opinion except to note that nothing in the Lease Order discusses or determines a damages claim.

6

(In re Mortgs. Ltd.), 771 F.3d 1211, 1214 (9th Cir. 2014). For an appeal to be equitably moot, "[t]he question is whether the case presents transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply." Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012) (internal quotation marks and citation omitted). "Ultimately, the decision whether or not to unscramble the eggs turns on what is practical and equitable." Baker & Drake, Inc. v. Pub. Serv. Comm'n of Nev. (In re Baker & Drake, Inc.), 35 F.3d 1348, 1352 (9th Cir. 1994) (citations omitted).

The Panel examines several considerations in determining whether an appeal is equitably moot. First, we determine whether the appellant sought a stay pending appeal. JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Properties, Inc. (In re Transwest Resort Properties, Inc.), 801 F.3d 1161, 1167 (9th Cir. 2015). As stated, Green Horizon did not seek a stay of the Lease Order. See Fed. R. Bankr. P. 8007(a)-(b). And, following the notice of appeal, the bankruptcy court issued not one, but two, additional orders directing Green Horizon's immediate vacation and surrender of the Premises. Green Horizon did not appeal from either of these orders and, pursuant to them, Encinal obtained a writ of possession and relet the Premises. Green Horizon's failure to seek a stay pending appeal is, thus, fatal to its appeal. See In re Mortgs. Ltd., 771 F.3d at 1216.

This conclusion is underscored by consideration of two other equitable mootness factors: the effect a remedy may have

7

on third parties not before the appellate court and whether the bankruptcy court can fashion effective and equitable relief without creating an inequitable and uncontrollable situation. See id. Here, any reversal would be unfair to the new tenant who lawfully obtained possession, and the inequity is accentuated by Green Horizon's complete failure to argue that it can or will cure the many years of default.

Finally, the bankruptcy court could not fashion equitable relief to Green Horizon. The chapter 7 case has been dismissed. Thus, even if we reversed the Lease Order, it is not possible for the bankruptcy court to conduct additional proceedings in the case, let alone accord Green Horizon any equitable relief.

The two exceptions to the equitable mootness test do not compel a different result. Notwithstanding a failure to seek a stay pending appeal, an appeal is not equitably moot where the appellant has a statutory right or remedy to the property under state law, such as a right of redemption, or where the appellant solely seeks monetary damages from a solvent debtor. Id. at 1217 (discussing the "narrow exceptions" cabined in Suter v. Goedert, 504 F.3d 982, 990 (9th Cir. 2007), and In re Sylmar Plaza, L.P., 314 F.3d 1070, 1074 (9th Cir. 2002)). Green Horizon does not argue that either exception is applicable here, and we conclude that they are not.

On this record, a determination of equitable mootness is required.

**CONCLUSION**

Based on the foregoing, we dismiss the appeal as moot.

8