FILED

MAY 30 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. SC-18-1270-KuFB |
| LEENA HANNONEN, AKA Leena Hall, | Bk. No. 18-04034-LT7 |
| Debtor. | |
| LEENA HANNONEN, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee Relating to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2007-2, | |
| Appellee. | |

Argued and Submitted on May 23, 2019
at Pasadena, California

Filed – May 30, 2019

Appeal from the United States Bankruptcy Court

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Laura S. Taylor, Chief Bankruptcy Judge, Presiding

––––––––

Appearances:     Appellant Leena Hannonen argued pro se; Erin M.
McCartney of Zieve, Brodnax & Steele, LLP argued for
appellee U.S. Bank National Association as Trustee
Relating to Chevy Chase Funding LLC Mortgage Backed
Certificates Series 2007-2.

––––––––

Before: KURTZ, FARIS, and BRAND, Bankruptcy Judges.

Chapter 7[1] pro se debtor, Lenna Hannonen, appeals the bankruptcy court's order terminating the automatic stay in favor of appellee, U.S. Bank National Association as Trustee Relating to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2007-2 (Appellee).  For the reasons explained below, we DISMISS this appeal as MOOT.

## FACTS

Appellee moved for relief from stay to foreclose on Ms. Hannonen's property located in Julian, California, alleging that she had no equity in the property. Ms. Hannonen objected to the motion on the ground, among others, that Appellee did not have standing. The record shows that it was undisputed that there was no equity in the property for the benefit of the

––––––––

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

estate. The chapter 7 trustee did not respond to the motion.

Thereafter, the bankruptcy court found that Appellee had standing and granted Appellee's motion for relief from stay under § 362(d)(2)(A) and (B) because Ms. Hannonen had no equity in her property and it was not necessary for an effective reorganization as she was a chapter 7 debtor. Ms. Hannonen timely appealed from the bankruptcy court's order.

Ms. Hannonen subsequently received her statutory discharge under § 727(a). Appellee then foreclosed on her property.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We discuss our jurisdiction below.

## ISSUES

Whether this appeal is moot; and

Whether the bankruptcy court erred in granting Appellee relief from stay.

## STANDARDS OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003).

We review an order granting relief from stay for abuse of discretion. *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 913 (9th Cir. BAP 2011).

3

## DISCUSSION

We cannot exercise jurisdiction over a moot appeal. *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). A moot case is one where the issues presented are no longer live and no case or controversy exists. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can still grant effective relief to the prevailing party if it decides the merits in his or her favor. *Id.* Applying these principles, we conclude that this appeal is moot.

Under § 362(c)(2)(C), the provisions of the § 362(a) automatic stay that would protect Ms. Hannonen's property from foreclosure continued in effect only "until the earliest of . . . the time a discharge is granted or denied." Since she received her discharge, "there has been no automatic stay in effect as it terminated by operation of law." *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. 2014) (citing *Bigelow v. Comm'r*, 65 F.3d 127, 129 (9th Cir. 1995) ("a stay immediately dissolves upon issuance of a discharge by the bankruptcy court. § 362(2)(C).")). Therefore, we cannot grant Ms. Hannonen effective relief in this appeal since the stay terminated. The result might be different if Appellee had conducted the foreclosure after the court lifted the automatic stay but before the discharge was entered.

Accordingly, this appeal must be dismissed as moot. *In re Pattullo*, 271 F.3d at 900 (if an issue becomes moot while the appeal is pending, an appellate court must dismiss the appeal); *see also In re Ellis*, 523 B.R. at

4

677-78 (dismissing appeal of stay relief order on mootness grounds where discharge issued after appeal was filed); *Tripe v. Deutsche Bank Nat'l Tr. Co. (In re Tripe)*, BAP No. EC-10-1106-HMoD, 2010 WL 6259972, at *5 (9th Cir. BAP Dec. 6, 2010) (same); *McIntryre v. Deutsche Bank Nat'l Tr. Co. (In re McIntyre)*, BAP No. NC-10-1186-JuHBa, 2011 WL 4501322, at *1 (9th Cir. BAP July 8, 2011) (same).

## CONCLUSION

We DISMISS this appeal as MOOT.