**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-18-1309-BSTa |
| CECILIA P. MANGAOANG, | Bk. No. 18-52245 |
| Debtor. | |
| CECILIA P. MANGAOANG, | |
| Appellant, | |
| v. | **MEMORANDUM**<sup>*</sup> |
| NEWPORT BEACH HOLDINGS, LLC; WILMINGTON TRUST, NA 2007-AR3; TRINITY FINANCIAL SERVICES, LLC, | |
| Appellees. | |

Submitted Without Oral Argument on June 20, 2019<sup>**</sup>

Filed – August 13, 2019

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

\*\* This appeal was set for oral argument on June 20, 2019, in Sacramento, California, but no parties appeared.

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable M. Elaine Hammond, Bankruptcy Judge, Presiding

---

Appearances:    Appellant Cecilia Mangaoang pro se on brief; Richard J.
Reynolds and Rafael R. Garcia-Salgado of Burke,
Williams & Sorensen, LLP on brief for Appellees Newport
Beach Holdings, LLC and Trinity Financial Services, LLC.
Appellee Wilmington Trust, NA 2007-AR3 did not appear
in this appeal.

---

Before:    BRAND, SPRAKER and TAYLOR, Bankruptcy Judges.

**INTRODUCTION**

Cecilia P. Mangaoang appeals an order denying her motion to extend
the automatic stay in her second chapter 13[1] case filed within a year. While
this appeal was pending, Mangaoang's chapter 13 case was dismissed. She
appealed the dismissal ruling to the Panel. The appeal of the case dismissal
order has now been dismissed. As a result, Mangaoang's appeal of the
order denying her motion to extend the stay is moot. Accordingly, we
DISMISS.

---

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     The 2017 Case

Mangaoang filed a chapter 13 bankruptcy case in January 2017 ("2017 Case"). The 2017 Case was troubled from the beginning and filed in response to a pending foreclosure on Mangaoang's home. Each one of Mangaoang's proposed chapter 13 plans was met with fierce opposition from mortgage creditors Wilmington Trust, NA 2007-AR3 and Newport Beach Holdings, LLC and the chapter 13 trustee. In short, Mangaoang's unstable income was insufficient to fund a feasible plan. Ultimately, she was unable to get a plan confirmed by the court's deadline of May 31, 2018, and the case was dismissed that day.

### B.     The 2018 Case

Four months later, and with a foreclosure sale set for October 5, 2018, Mangaoang filed another chapter 13 bankruptcy case on October 4, 2018 ("2018 Case"). Because the 2018 Case was filed within one year of the dismissal of the 2017 Case, the automatic stay was set to expire on November 3, 2018.

Mangaoang timely moved for an extension of the stay as to all creditors under § 362(c)(3)(B). Newport opposed the stay extension, arguing that Mangaoang had not established by clear and convincing evidence that the 2018 Case was not filed in bad faith. Newport argued that the presumption of bad faith arose under § 362(c)(3)(C)(i)(III)(bb), because

there had been no substantial improvement in Mangaoang's finances since the dismissal of the 2017 Case and it was unlikely that she would succeed in a chapter 13 plan in the 2018 Case. In addition, all three of Mangaoang's prior bankruptcy cases, including the 2017 Case, had been dismissed without a confirmable plan.

After a hearing, the bankruptcy court denied the stay extension. It found that, although Mangaoang's income had become more stable since the 2017 Case, the loss of a mortgage loan modification and subsequent increase in the mortgage payment detrimentally affected her financial condition. And without another loan modification, which the court believed was unlikely given the history, 80% of Mangaoang's income would be going to housing, which was unsustainable. In sum, the stability of Mangaoang's income alone was not enough to overcome the presumption that the 2018 Case had been filed in bad faith.

Mangaoang timely appealed the bankruptcy court's order denying the stay extension. The automatic stay expired by its terms on November 3, 2018. Absent a stay, a foreclosure sale on Mangaoang's home proceeded on November 5, 2018. Trinity Financial Services, LLC was the successful bidder at the sale.

## C.   Post-appeal events

The 2018 Case was dismissed on March 25, 2019, for failure to confirm a plan. Mangaoang timely appealed the case dismissal order to the

4

Panel. BAP No. NC-19-1088. We dismissed the appeal of the case dismissal order on July 12, 2019, for lack of prosecution.[2]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We discuss our jurisdiction under 28 U.S.C. § 158 below.

## III. ISSUE

Is the appeal moot?

## IV. STANDARD OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003).

## V. DISCUSSION

**A.    The appeal is moot**.

We cannot exercise jurisdiction over a moot appeal. *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). A moot case is one where the issues presented are no longer live and no case or controversy exists. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can still grant effective relief

---

[2] We may take judicial notice of events in the bankruptcy case occurring after the filing of an appeal if they resolve the dispute between the parties. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 676 (9th Cir. BAP 2014) (citing *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot.")).

to the prevailing party if it decides the merits in his or her favor. *Id.* Applying these principles, we conclude that the appeal is moot.

As noted, the 2018 Case was dismissed after Mangaoang appealed the order denying the stay extension. Her appeal of the order dismissing the 2018 Case has been dismissed and is final. *See* Rule 8022; Fed. R. App. P. 4 & 6. Because the 2018 Case no longer has any chance of being reinstated, we are unable to grant any effective relief with respect to the automatic stay, even if we decided the merits in Mangaoang's favor. *See Samuels v. Wilmington Sav. Fund Society (In re Samuels)*, No. 18-014, 2019 WL 1012526, at *6 n.10 (1st Cir. BAP Feb. 28, 2019) (concluding that appeal of stay extension order would be moot if subsequent case dismissal appeal is affirmed; same principle would apply if case dismissal appeal is dismissed).

## VI. CONCLUSION

Accordingly, because we lack jurisdiction over the order denying the stay extension, we must DISMISS the appeal as MOOT.