**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: LEAH AHN, | No.   17-60082 |
| Debtor, | BAP No. 16-1421 |
| ------------------------------ | |
| LEAH AHN, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| PRIYA SANGER; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted October 22, 2019[**]
San Francisco, California

Before: BYBEE, N.R. SMITH, and COLLINS, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Leah Ahn ("Ahn"), the debtor in a Chapter 7 bankruptcy proceeding, appeals the United States Bankruptcy Appellate Panel of the Ninth Circuit's ("BAP") decision affirming the bankruptcy court's order denying Ahn's motion for civil contempt. We affirm.[1]

"We review BAP decisions de novo, and we independently review the bankruptcy court's decision on appeal from the BAP." *Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1021 (9th Cir. 2005). We "apply the same standard of review that the BAP applied to the bankruptcy court's ruling." *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review the bankruptcy court's ruling on a motion for civil contempt for an abuse of discretion. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003).

At the time of the BAP's decision, a creditor who violated a discharge injunction could not be held in contempt unless "evidence show[ed] the alleged contemnor was aware of the discharge injunction *and* aware that it applied to his or

---

[1] Neither party argues mootness on appeal, but we have an independent duty to consider mootness sua sponte. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 997 (9th Cir. 2005). A bankruptcy appeal may be moot under two doctrines—one doctrine derives "from Article III of the Constitution," and "the other from equity." *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014). Like the BAP, we conclude that this appeal is neither constitutionally nor equitably moot.

her claim." *Emmert v. Taggart (In re Taggart)*, 548 B.R. 275, 288 (B.A.P. 9th Cir. 2016), *vacated and remanded*, 139 S. Ct. 1795 (2019). Applying this standard, the BAP held that the contempt motion was properly denied, because "[t]he record is devoid of any evidence that the Sangers *knew* the discharge injunction applied to their actions to preserve what they thought were in rem rights they had under the Judgment, even if no such rights existed." After the BAP decided the instant case, we affirmed the *Taggart* standard, holding that a "good faith belief that the discharge injunction does not apply to the creditor's claim precludes a finding of contempt, even if the creditor's belief is unreasonable." *Lorenzen v. Taggart (In re Taggart)*, 888 F.3d 438, 444 (9th Cir. 2018), *vacated and remanded*, 139 S. Ct. 1795 (2019). However, while this appeal was pending, the Supreme Court reversed our decision in *Taggart* and instead held that, to "hold a creditor in civil contempt for violating a discharge order," there must be "no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019).

Applying this standard, we find that the BAP correctly affirmed the bankruptcy court's denial of Ahn's contempt motion, because the Sangers had an objectively reasonable basis to conclude that their actions might be lawful under the discharge injunction. Generally, a creditor may pursue his or her lien rights

(i.e., in rem rights) with respect to a debtor's real property without violating a discharge injunction. *See HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim)*, 803 F.3d 477, 494 (9th Cir. 2015).

The judgment confirmed an arbitration award and required Ahn to continue making timely payments on the shared mortgage. The judgment awarded the Sangers their pre-judgment attorneys' fees and costs and entitled the Sangers to any post-judgment attorneys' fees and costs. *See Sanger v. Ahn*, No. A145714, 2016 WL 3618840, at *5 (Cal. Ct. App. June 28, 2016). The judgment was secured by an abstract of judgment filed by the Sangers prior to Ahn's bankruptcy petition. The validity of the Sangers' abstract of judgment is at issue in a related appeal. *See Sanger v. Ahn (In re Ahn)*, No. 18-16794. Importantly, the question of whether the Sangers' abstract complied with California law and created a valid lien is sufficiently debatable such that the Sangers had an objectively reasonable basis for concluding that they had a valid lien that secured the judgment. Therefore, the Sangers had an objectively reasonable basis for concluding that their actions to amend the judgment to include subsequent missed shared mortgage payments and pre-judgment and post-judgment attorneys' fees and costs (including those fees and costs that arose from prosecuting the state court appeal) were lawful in rem actions under the discharge injunction. *See Taggart*, 139 S. Ct. at 1801.

Finally, it was also objectively reasonable for the Sangers to conclude that sending Ahn the Notice of Actionable Violation ("NAV") with respect to Ahn's non-monetary obligations in the amended tenancy-in-common agreement would not violate the discharge injunction. *See id.* Indeed, the NAV sought to preserve or enforce the Sangers' rights with respect to Ahn's real property (i.e., in rem rights). The NAV informed Ahn that, by encumbering her ownership interest in the property by recording a deed of trust against the property, Ahn violated the tenancy-in-common agreement. The NAV sought to either: (1) remove the unapproved encumbrance, or (2) execute a subordination agreement for the unapproved encumbrance. The NAV's formal reservation of any possible future claim for damages was not an assertion of any such claim. Further, Ahn provided no evidence or authority showing that the equitable remedies sought in the NAV gave rise to a right to payment or had a money damage alternative. Thus, at the very least, it was objectively reasonable for the Sangers to conclude that the equitable remedies asserted did not give rise to a "claim" or "debt" as defined by

the Bankruptcy Code and remained unaffected by Ahn's discharge. *See* 11 U.S.C. §§ 101(5)(B), (12).[2]

**AFFIRMED.**

---

[2]Ahn filed a supplemental brief entitled "Appellant's Statement Objecting to Misrepresentations in Appellees' Opening Brief." Ahn's objections are meritless. The complained-of statements find support in the record and do not mislead or misrepresent. We construe Ahn's objections as a motion to strike and deny the motion.